MICHAEL C. JONES v. STATE.

165 So. 33.
Division B.
Opinion Filed December 27, 1935.
Rehearing Denied January 22, 1936.

E. L. *Bryan,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

PER CURIAM.—In this case the plaintiff in error was convicted in the Criminal Court of Record of Hillsborough County on the second count of an information, in which second count this plaintiff in error was charged, as principal in the second degree, with the crime of armed robbery. The charging part of the information, insofar as this plaintiff in error is concerned, was:

"And Michael C. Jones, late of the County of Hillsborough aforesaid, in the State aforesaid, at the time of the committing of the felony aforesaid, to-wit, on the 19th day of January, in the year of our Lord, one thousand nine hundred thirty-five, with force and arms at and in the County of Hillsborough aforesaid, was then and there unlawfully and feloniously present, and did unlawfully and feloniously aid and abet, counsel, hire and otherwise procure the said William B. Poling to do and commit the said felony, in the manner and form aforesaid, against the form of the statute in such cases made and provided, to the evil example of all others in the like case offending, and against the peace and dignity of the State of Florida."

This is the proper method of charging the offense in the second degree.

It is needless for us to consume either the time or the energy necessary to write a long opinion in this case. The

confession signed and written by the plaintiff in error, and admitted in the court below without objection, when taken in connection with the testimony given by the principal in the first degree who was charged in the same information with that offense and who had pleaded guilty to that charge, was sufficient to convince any reasonable person of the guilt of the accused.

We find no reversible error disclosed by the record. Therefore, the judgment should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.

BROWN, J. (concurring).—In Albritton v. State, 32 Fla. 358, 13 So. 955, a case which has frequently been followed and cited with approval by this Court, it was said: "An accessory before the fact is one who, though absent at the time of the commission of a felony, doth yet procure, counsel, command and abet another to commit such felony. * * * Principals in the second degree are those who are present, aiding and abetting at the commission of the act." See also Whiting v. State, 97 Fla. 693, 122 So. 2. Therefore, the words "counsel, hire and otherwise procure," as they appear in the above information, added nothing to the legal sufficiency of the charge made against plaintiff in error as a principal in the second degree as the information had already alleged that the accused was present, aiding and abetting." But as the information contained all the allegations essential to charge the accused as a principal in the second degree, the additional language could not render the information demurrable on the ground of duplicity, because it could not amount to a charge as accessory before

the fact, inasmuch as it was used in conjunction with the allegation that the accused was present at the commission of the offense.