C. A. SKIPPER v. STATE.
174 So. 863.
Opinion Filed June 2, 1937.

*W. D. Bell, Ernest Amos, William K. Whitfield* (of Tallahassee) and *Talbot Whitfield, Jr.* (of Tallahassee) for Petitioner;

*Cary D. Landis,* Attorney General, and *Roy Campbell* and *James B. Watson,* Assistant Attorneys General, for Respondent.

BROWN, J.—I think the motion of the Attorney General should be granted. The motion is that this Court revoke that part of the order recently entered which directed that the sending down of our mandate to the trial court be stayed

for ninety days pending petitioner's application to the United States Supreme Court for review of our recent order denying petitioner's application to this Court for leave to apply to the Circuit Court for Highlands County, which court rendered the judgment of conviction, for a writ or error *coram nobis* to review its judgment of conviction rendered against the petitioner several years ago. All that was asked of this Court was permission to apply to the trial court for said writ, the purpose being if possible to secure a review by the trial court of its own judgment on ground of alleged facts which, it is alleged, if known to the trial court at the time, would have prevented it from rendering a judgment of conviction.

The only reason why it was necessary to apply to this Court for leave to apply to the trial court was that we have held that when a judgment of a lower court has been affirmed by this Court, no steps can be taken for the purpose of setting aside or substantially impairing the substance and effect of such judgment without first getting the permission of this Court. If the judgment of the Circuit Court convicting this petitioner of embezzlement had not been reviewed and affirmed by this Court, application for writ of error *coram nobis* for the review of that judgment could have been made to the trial court without applying to this Court for leave to do so.

The pendency of the petition filed by C. A. Skipper in this Court for leave to apply to the trial court to review its own judgment did not affect the right and power of the trial court to enforce said judgment pending action by this Court, though the trial court was vested with the power to exercise its discretion as to whether or not it would stay the execution of its own prior judgment until this Court had determined whether or not it would grant the application for leave to apply. Primarily that was a matter for the trial

court to determine. Whether its action in this regard would be subject to review by this Court is a question not now before us.

Thus in a capital case, in which we granted leave to the condemned defendant to apply to the trial court for writ of error *coram nobis,* we refused to recall our mandate which had gone down at a prior term pursuant to our judgment affirming the judgment of conviction and sentence, and held that the petitioner should apply, not to this Court, but to the trial court, for supersedeas or stay of execution of such judgment of conviction, thus sought to be attacked by writ of error *coram nobis,* pending the consideration and adjudication by the trial court of the petition for writ or error *coram nobis,* which we gave petitioner leave to file in the trial court. We held that this matter of staying or refusing to stay, the execution of its own prior judgment of conviction was vested primarily in the trial court; that this Court had affirmed the trial court's judgment of conviction at a prior term of this Court, that its judgment of affirmance had long since become final; and that this Court had lost the jurisdictional power to recall its mandate and reassume jurisdiction over the trial court's judgment of conviction, and that any stay of the execution of that judgment should be sought, if at all, in the trial court, whose judgment still stood in full force and effect, though not yet executed. See Washington, Petitioner, v. State, 92 Fla. 740, 110 So. 259; also Lamb v. State, 91 Fla. 396, 107 So. 535, and Nickels v. State, 86 Fla. 208, 98 So. 502; Chambers v. State, 119 Fla. 642, 158 So. 153. The above outlined principles, all of which have been settled by the prior decisions of this Court, are applicable here.

It thus appears that by our order of March 25, 1937 (rehearing on same denied April 22, 1937) we merely denied Skipper's petition for leave to apply to the lower court for

writ of error *coram nobis*. There was nothing for us to supersede, and there was no reason why the issuance of the mandate to the lower court should have not gone down promptly in due course, and there is, in my opinion, no reason why our order holding it up for ninety days should not now be set aside, pursuant to the Attorney General's motion. It is true that the writer dissented from the order of March 25th denying the petition for leave to apply to the lower court, for the reasons set forth in a dissenting opinion then filed, but the majority of the Court were of the opinion that said petition should be denied, and such was the judgment of the Court. See Skipper v. State, 173 Sou. 692. Now the petitioner seeks to apply to the United States Supreme Court to review the judgment thus rendered by this Court. As our judgment did not command or require the trial court to do anything, there is nothing for this Court to supersede.

So it is that under our prior decisions, any effort to stay the execution of the lower court's judgment of conviction, pending an attempt to obtain a federal review of our said order denying the petition for leave to apply to the trial court for writ of error *coram nobis,* will have to be made, if at all, in the trial court.

The federal statute certainly does not require us to grant a supersedeas, or stay of mandate, or anything of that sort, under these circumstances.

I think, therefore, that the Attorney General's said motion should be granted, and that portion of our former order staying our mandate should be vacated and the mandate should forthwith issue. Said mandate is, after all, but in substance a formal notice to the trial court of this Court's action denying leave to apply to the trial court for said writ of error *coram nobis.* The lower court knows that it cannot issue such writ without this Court's consent.

ELLIS, C. J., and BUFORD, J., concur.

TERRELL and DAVIS, J. J., dissent.

DAVIS, J. (dissenting).—The original order was deliberately made and should not be vacated or set aside on casual consideration. Stability of the action of courts is of the utmost importance. Vacillation of the judicial process ought not to be encouraged. I therefore dissent from changing the Court's previous order in this case.