JAMES N. LEE v. STATE.

176 So. 764.
Division B.
Opinion Filed November 5, 1937.

E. L. Bryan, for Plaintiff in Error;

No appearance contra.

CHAPMAN, J.—On September 2, 1937, petitioner, James N. Lee, made it appear that he was convicted in the Cir-

cuit Court of Sumter County, Florida, on April 20, 1934, for the crime of murder in the first degree, with recommendation of mercy to the court and sentenced to life imprisonment in the State Prison. On December 9, 1936, petitioner filed his praecipe for writ of error from said judgment to this Court and the same was by this Court dismissed for the reason that the writ of error was not sued out within the time prescribed by law. An application was later made to vacate the order dismissing the writ of error, which motion was denied, and the suit is reported in 128 Fla. 319, 174 Sou. Rep. 589.

The petitioner seeks an order permitting or allowing him to apply to a Judge of the Circuit Court of Sumter County for a writ of error *coram nobis,* and for a ground or grounds therefor represents that at the time (April 20, 1934) of this defendant's trial he was mentally incapacitated and had been judicially declared insane and committed to the Insane Asylum; that at the time of his trial he was so mentally incapacitated and not able to grasp the significance of the court proceedings or to direct his attorneys and not knowing the facts of his own act, he was in no condition to stand trial on the charge of first degree murder.

The crime for which petitioner was convicted was alleged to have been committed on May 25, 1933; he was adjudged insane by the County Judge of Sumter County on July 11, 1933, and was committed to the Hospital for the Insane, and on the 17th day of December, 1933, escaped. The petition is not supported by the proceedings in the County Judge's Court of Sumter County, Florida, wherein petitioner was adjudged insane, nor is the petition supported by exhibits or recitals from the Hospital for the Insane, or any other corroborating evidence other than the sworn statement of the petitioner. The petitioner was not

adjudged insane until he was indicted for murder in the first degree by a grand jury of Sumter County. It is alleged that Doctors John H. Spires, John L. Skipworth and C. L. Carter reported upon the mental condition of the petitioner but no written opinion or statement appears from either of the physicians as to the mental condition of petitioner when he was placed on trial in Sumter County shortly prior to April 20, 1934, on an indictment for murder in the first degree.

We are not unmindful of the utterances of this Court in the case of Lamb v. State, 91 Fla. 396, text page 406, 107 Sou. Rep. 535, where it is said: "In criminal cases a writ of error *coram nobis* has been granted where facts have been duly presented to show that a convicted person was in fact insane at the time of the conviction assailed." See: Read v. State, 94 Fla. 32, 113 Sou. Rep. 630.

In the suit of Washington v. State, 85 Fla. 289, 116 Sou Rep. 470, this Court said: "The functions of a writ of error *coram nobis* are limited to an error of fact for which the statute provides no other remedy, which fact did not appear of record or was unknown to the court when judgment was pronounced, and which, if known, would have prevented the judgment, and which was unknown and could not have been known to the party by the exercise of reasonable diligence in time to have been otherwise presented to the court, unless he was prevented from so presenting them by duress, fear, or other sufficient cause."

In the case of Lee v. State, *supra,* the suit was before this Court on motion to vacate an order dismissing the writ of error to the judgment entered in the Circuit Court of Sumter County. An examination of the case shows that this Court did not review the judgment on writ of error, but denied a motion to reinstate the writ of error

previously dismissed. There has never been a review of the judgment on writ of error by this Court as entered against the petitioner in the Circuit Court of Sumter County.

In Lamb v. State, *supra,* this Court considered the functions of a writ of error *coram nobis* and the procedure applicable thereto and gave citations of authorities where such writs had been issued. Following the procedure pointed out therein, it will be observed that this Court is without jurisdiction to issue an order in this cause as the suit has never been reviewed here on writ of error. The petition accordingly is denied without prejudice to make application to the lower court entering the judgment. See: Lamb v. State, 91 Fla. 396, 107 Sou. Rep. 535.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.