## Michael C. Jones v. State.

178 So. 404.

Opinion Filed January 22, 1938.

*Michael C. Jones, in pro per* for Petitioner;

No appearance contra.

Chapman J.,—It having been made to appear by sworn petition of Michael C. Jones for a writ of error *coram nobis* that he was convicted of the crime of armed robbery in the Criminal Court of Record of Hillsborough County and sentenced to the State Prison of Florida for the term of his natural life. That on writ of error to the judgment of conviction the same was affirmed by this Court and reported in 122 Fla. 307, 165 Sou. Rep. 33. The basis of the petition is the alleged perjured testimony of William B. Poling given at the trial of the petitioner, coupled with "duress, coercion, intimidation and threats" by the prosecuting officer to induce the witness Poling to testify falsely

against petitioner. The affidavit of Annie Louis Burrows was filed in support of the petition. It is further alleged that material facts were in existence which were not adjudicated by the trial court.

In the case of Lamb v. State, 91 Fla. 396, text p. 405, 107 Sou. Rep. 535, this Court said: "The remedy cannot be invoked on the ground that an important witness testified falsely about a 'material issue in the case, nor can newly discovered evidence, going to the merits of the issue tried be used as a basis for the writ." See Washington v. State, 95 Fla. 289, 116 Sou. Rep. 470; Reed v. State, 94 Fla. 32, 113 Sou. Rep. 630, Skipper v. State (Fla.) 173 So. 692.

The petition fails to show sufficient facts authorizing the order sought. The petition is denied.

ELLIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., concurs specially.

BROWN, J. (concurring specially).—I think the petition and accompanying affidavits might make out a good *prima facie* showing for leave to apply to trial court for writ of error *coram nobis* under the principles laid down by this court in Skipper v. State, 124 Fla. 384, 169 So. 58, 64, and in Mooney v. Holohan, 294 U. S. 103, 55 S. C. 340, 79 L. Ed. 791, if it were not for the fact that there was other evidence in the case sufficient to have supported the judgment of conviction, such as the sworn confession of the defendant, petitioner here, referred to in the opinion of this Court affirming the judgment of conviction, which is cited in the above opinion by Mr. Justice Chapman.

CHAPMAN, J., concurs.