WILLIAM COLE and MARY E. COLE, Joined by Her Husband, William Cole, v. WALKER FERTILIZER COMPANY, for the Use and Benefit of Rosa Walker, Widow of Willie Walker, deceased.

1 So. (2nd) 864

En Banc

Opinion Filed April 29, 1941

Rehearing Denied May 16, 1941

*E. W. & R. C. Davis, Evans, Mershon & Sawyer, W. Davis* and *Giles & Gourney,* for Plaintiffs in Error;

*Osborne, Copp & Markham, H. P. Osborne* and *J. Henson Markham,* for Defendants in Error.

CHAPMAN, J.—On October 22, 1940, this Court entered an order on the sworn petition of William Cole and Mary E. Cole, plaintiffs in error, granting to them the right and privilege of applying to one of the judges of the Circuit Court of Orange County, Florida, for the issuance of writ of error *coram nobis* addressed to that final judgment rendered between the parties hereto in the Circuit Court of Orange County.

On November 5, 1940, pursuant to the aforesaid order entered by this Court, William Cole and Mary E. Cole filed their petition for a writ of error *coram nobis* addressed to the Honorable Millard B. Smith, a judge of the circuit court, and directed to the Walker Fertilizer Company, for the use and benefit of Rosa Walker, the alleged widow of Willie Walker, deceased, and the said petition, in part, made it appear that the Walker Fertilizer Company, for the use and benefit of Rosa Walker, widow of Willie Walker, deceased, on November 7, 1938, filed its declaration in the Circuit

Court of Orange County against William Cole and Mary E. Cole, alleging therein, among other things, that Rosa Walker was the surviving widow of Willie Walker, Deceased, and that Willie Walker lost his life through the negligence of William Cole and Mary E. Cole; and to the said declaration William Cole and Mary E. Cole filed pleas to each count thereof tendering the issues: (a) they were not guilty; and (b) that the deceased, Willie Walker, contributed to the injury complained of; and on the issues made the case was submitted to a jury on the 1st day of February, 1939; and, after hearing the testimony, argument of counsel and instructions of the court upon the law, returned a verdict in behalf of the Walker Fertilizer Company, for the use and benefit of Rosa Walker, widow.

On the 2nd day of March, 1939, the judge of said court entered a judgment in favor of the Walker Fertilizer Company, for the use and benefit of Rosa Walker, widow of Willie Walker, deceased, in the sum of $7,500.00, together with costs of the case taxed at $152.05. On the 4th day of February, 1939, William Cole and Mary E. Cole filed their petition for a new trial; and on the 18th day of March, 1939, a petition for leave to amend said motion was by the lower court granted; and subsequently on April 12, 1939, a further petition for leave to amend the motion for a new trial was by the lower court granted. On the 24th day of April, 1939, the judge of said court, after hearing arguments on the motion for a new trial, with amendments thereto, made and entered an order granting the said motion for a new trial and vacating and annulling the judgment previously entered on the 2nd day of March, 1939.

An appeal was perfected from the order dated April

24, 1939, granting the motion for a new trial, with amendments thereto, and vacating and annulling the said judgment entered on the 2nd day of March, 1939, to this Court and the same was presented to, heard and considered by this Court and on April 26, 1940, entered its opinion and judgment reversing the order dated April 24, 1939, granting a new trial and directed the lower court to enter a judgment to conform to the verdict previously rendered by the jury, unless a motion in arrest of judgment or for judgment *non obstante veredicto* should be made to prevail. See Walker Fertilizer Co. v. Cole, 144 Fla. 37, 197 So. 777. Pursuant thereto the lower court, on November 1, 1940, entered a final judgment on said verdict in behalf of Walker Fertilizer Company for the use and benefit of Rosa Walker, widow of Willie Walker, deceased, and against William Cole and Mary E. Cole.

The petition for writ of error *coram nobis* filed in the lower court recited that Rosa Walker was not the widow and had never been the wife of Willie Walker, deceased, but in truth and in fact Rosa Walker was the lawful wife of Arto Holloman prior to and at the time of the attempted marriage with Willie Walker, and that Arto Holloman was living and a divorce had never been obtained and under the laws of Florida she was without the lawful right to maintain a suit to recover for the negligent death of her alleged deceased husband, Willie Walker, and as a matter of law no cause of action existed in her behalf against William Cole and Mary E. Cole, and that the right of Walker Fertilizer Company to maintain the suit was predicated upon the relationship of Rosa Walker to her alleged deceased husband, Willie Walker. Affidavits, copy of marriage certificates and other exhibits

of record are attached to and made a part of the petition, or by reference thereto are made a part of the petition for writ of error *coram nobis*.

It is further alleged that at the time of the pretended marriage between Willie Walker and Rosa Walker the said Willie Walker had a living wife and as to said marriage no divorce had been obtained and that she was commonly known under the name of Kate Harris and is now still living and that the said Kate Harris is the legal widow of Willie Walker; that the foregoing facts were not discovered or obtained until March 15, 1939, and the information appearing in the petition could not have been known by reasonable diligence and the lower court had no knowledge of said facts at the time of the trial of said cause and that if said facts had been known, no judgment could or would have been entered in behalf of the Walker Fertilizer Company for the use and benefit of Rosa Walker, widow of Willie Walker. The petition prays for the issuance of writ of *coram nobis* directed to the Walker Fertilizer Company, for itself and for the use and benefit of Rosa Walker, widow of said Willie Walker, deceased, requiring it on a day certain therein to be named to show cause why said judgment should not be set aside and annulled; that upon the taking of testimony, should the same be rendered necessary by the pleadings, that the circuit court, after being fully advised in the premises, would enter an order annulling, vacating and setting aside the judgments previously entered, and discharging the defendants, William Cole and Mary E. Cole.

On the 15th day of November, 1940, the Honorable Millard B. Smith, Circuit Judge, entered an order on

the said petition and the same is in words and figures following, to-wit:

"Within petition having come on to be heard—all parties being present by counsel, it is Ordered and Adjudged that said petition be and the same is hereby denied.

"Done and Ordered at Orlando, Florida, this 15th day of November, A. D. 1940.

"M. B. SMITH, Judge."

The transcript shows that on the 16th day of November, A. D. 1940, the Walker Fertilizer Company filed in the Circuit Court of Orange County, Florida, a response to the petition for writ of error *coram nobis* and objected to the granting thereof as prayed for on grounds: First: The subject matter of the petition had been adversely adjudicated by the Supreme Court of Florida in the case of Walker Fertilizer Co. v. Cole, 144 Fla. 37, 197 So. 777; while the second, third and fourth objections to the issuance of the writ of error *coram nobis* referred to the pleadings, questions of fact, and counsel's construction and interpretation of the holding of this Court in the case of Walker Fertilizer Co. v. Cole, *supra;* and in the fifth ground the contention is made that the writ of error *coram nobis* did not issue within six months after March 3, 1939, the date of the rendition of the judgment for the plaintiff and is thereby precluded; that William Cole and Mary E. Cole are further precluded for the want or lack of diligence prior to the rendition of the verdict in ascertaining the marital status of Rosa Walker, the alleged wife of Willie Walker, and that Arto Holloman had lived across the street in Orlando from Rosa Walker and Willie Walker

continuously since the cause of action accrued and their failure to investigate and learn the relationship of Rosa Walker and Willie Walker is a want of diligence which precludes the issuance of said writ of error *coram nobis*.

Other objections were made to the issuance of the writ and these several objections so made were before the Honorable Millard B. Smith, Circuit Judge, on November 15, 1940, at the time of the entry of an order denying the petition, but the grounds or reasons in the mind of the lower court for the denial of the petition were not set forth in the order, *supra*.

An appeal has been perfected to this Court and it is here contended that the order dated November 15, 1940, denying the petition for writ of error *coram nobis* was and is reversible error.

The function of a writ of error *coram nobis* is to bring to the attention of the court, for correction, some matter of fact which does not appear on the face of the record and unknown to the court or to the parties or counsel at the trial, and which, if known, and properly presented would have prevented the rendition of said judgment. In the case of Lamb v. State, 91 Fla. 396, 107 So. 535, this Court, in part, said:

". . . That by the exercise of due diligence neither the defendant nor the counsel in the case could have known of or ascertained the stated facts before the judgment was rendered or before the motion for a new trial was made; and that the defendant and the counsel exercised all ordinary and reasonable care and diligence to discover and ascertain all facts pertinent to the issue tried; or it must be duly made to appear that such facts or other facts that would have afforded

an effective defense, though existing or having oc-
curred prior to the judgment, were not discovered or
ascertained or were not made known to the court,
because of actual dominating fraud, duress or other
unlawful means actually exerted by some one not in
privity with the petitioner or counsel, to prevent such
discovery or ascertainment or disclosure to the court
in due season to be available as an efficient defense or
to prevent the rendering of the final judgment ren-
dered.  See Nickels v. State, 86 Fla. 208, 98 South.
Rep. 497, 502, 99 South. Rep. 121. . . ."

See Lamb v. Harrison, 91 Fla. 927, 108 So. 671;
Washington v. State, 92 Fla. 740, 110 So. 259; Reed v.
State, 94 Fla. 32, 113 So. 630; Jennings v. Pope, 101
Fla. 1476, 136 So. 471; Chambers v. State, 113 Fla.
786, 152 So. 437, 117 Fla. 642, 158 So. 153; Catlett v.
Chestnut, 120 Fla. 636, 163 So. 26; Leavitt v. State,
116 Fla. 738, 156 So. 704; Jarvis v. Chapman, 118 Fla.
577, 159 S. 282; Skipper v. Shoemaker, 118 Fla. 867,
160 So. 357; Skipper v. State, 128 Fla. 362, 174 So.
863; Lee v. State, 129 Fla. 857, 176 So. 764; Jones v.
State, 130 Fla. 645, 178 So. 404; McCall v. State, 136
Fla. 349, 186 So. 803; Johnson v. State, 144 Fla. 87,
197 So. 720.  It is settled law that the question of
granting a writ of error *coram nobis* is vested in the
sound discretion of the trial court and his judgment
will not be reversed by this Court unless there is
shown to be a clear abuse of discretion.

This Court in Walker Fertilizer Co. v. Cole, *supra,*
reversed the order granting a motion for a new trial
and directed the entry of a judgment to conform to
the verdict rendered, and upon the going down of the
mandate, the lower court, on November 1, 1940, en-

tered a final judgment on the verdict. The judgment dated March 3, 1939, was reversed by this Court, and the judgment as entered on November 1, 1940, under the terms of the mandate of this Court, is the final judgment here attacked. See Norwich Union Indemnity Co. v. Willis, 124 Fla. 137, 127 Fla. 238, 168 So. 418; McClellan v. Wood, 78 Fla. 407, 83 So. 295. A judgment becomes final when the order is entered overruling and denying a motion for a new trial.

The fact that Rosa Walker was not the lawful wife of Willie Walker, deceased, as shown by the petition, was not learned or discovered by plaintiffs in error or their counsel until several days *after* the rendition of the verdict and the entry of judgment thereon dated March 3, 1939. Pertinent portions of the opinion of this Court in *Walker Fertilizer Co. v. Cole, supra,* as to what occurred during the time intervening is, viz. (text 197 So. 777-8):

"Within the time allotted for the purpose the defendants filed their motion for new trial, which contained the usual formal grounds and others referring to certain charges given to the jury. About 45 days after the rendition of the verdict they sought permission of the court, to amend the motion for new trial in a verified petition, substantiated by affidavits, setting forth that it had been learned since the trial that the widow of Willie Walker had a living husband to whom she was married before her union with Walker and from whom she had not been divorced. The amendment was filed.

"Again, 70 days after the verdict, another petition was presented asking leave to amend further the motion for new trial because of newly discovered evidence.

"After the last application was lodged the judge rendered his order allowing the amendments to be filed, setting aside the verdict, vacating the judgment which had been entered and granting a new trial.

"Reasons given for allowing the new trial were that the verdict was 'contrary to the law and . . . evidence' and that the 'plaintiff . . . was not the lawful wife of . . . Willie Walker . . .' "

The question squarely presented is whether or not a writ of error *coram nobis* will issue to review and consider evidence discovered or learned since the trial of the cause and the entry of a final judgment on the issues presented. If such a rule was recognized, it would indefinitely protract litigation, the stability and security of judicial records and proceedings would not only remain in jeopardy, but the door, continuously after the entry of a final judgment, would be open to fraud and possible perjury. Litigation should be conducted at all times in an orderly and constitutional manner and the issues between the parties determined within a reasonable time.

The law appears to be settled that *coram nobis* will not lie to permit the review of a judgment for subsequently discovered evidence. See 31 Am. Jur., page 324, par. 804. In the case of Partlow v. State, 194 Ind. 172, 141 N. E. 513, 30 A. L. R. 1414, a petition for writ of error *coram nobis* made it to appear that one of the witnesses who testified for the State in the trial of the petitioner on a charge of having received stolen goods had, after the time for filing a motion for a new trial expired, made an affidavit that the testimony given by himself and another State witness against the petitioner and thereby producing a conviction was perjured testimony. It was held

that this testimony could not become the basis for the issuance of a writ of error *coram nobis*. See 34 C. J., 397, as to newly discovered evidence, viz.:

"613. Newly Discovered and Newly Arising Matters.—Neither newly discovered evidence upon the issues already heard and determined, nor facts newly arising after judgment, are ground for relief on error *coram nobis*.

"614. Adjudicated Facts.—Facts which were in issue and adjudicated upon the trial cannot be retried on writ of error *coram nobis*."

See also Humphreys v. State, 129 Wash. 309, 224 Pac. 937, 33 A. L. R. 79; State v. Calhoun, 50 Kan. 523, 32 Pac. 38, 34 Am. St. Rep. 141, 18 L. R. A. 838; Black on Judgments, Vol. 1 (2nd Ed.), page 460, par. 300; Nickels v. State, 86 Fla. 208, 98 So. 497, 502, 99 So. 121.

After hearing able argument at the bar of this Court, on the part of counsel for the respective parties, the briefs having been studied and the authorities cited therein carefully examined, and an independent research of the law applicable to the facts in controversy having been made, we have reached the conclusion that the lower court did not abuse its discretion in making and entering the order overruling and denying the petition for writ of error *coram nobis*, and accordingly the same is hereby affirmed.

WHITFIELD, TERRELL, BUFORD, THOMAS and ADAMS, J. J., concur.

BROWN, C. J., dissents.