### GEORGE WASHINGTON JAMES v. STATE OF FLORIDA

9 So. (2nd) 926                                    En Banc
October 6, 1942

An appeal from the Circuit Court for Polk County, D. O. Rogers, Judge, Mark O'Quin, for appellant.

J. Tom Watson, Attorney General, Millard B. Conklin, Assistant Attorney General, and Woodrow M. Melvin, Special Assistant Attorney General, for appellee.

BUFORD, J.:

Appeal brings for review judgment of conviction of the crime of murder in the first degree.

It is the contention of appellant that he should have been acquitted on the ground of self defense, or that if the jury did not believe his testimony wherein he claimed that he had acted in self defense then by the verdict he should have been convicted of no higher offense than murder in the second degree because, as he avers, he was so intoxicated from the voluntary drinking of whiskey that his mind was in such condition as to be incapable of forming a premediated design to commit murder as is charged. Both these theories of defense were presented to the jury and the court below.

As to the claim of self defense the jury was amply justified in reaching the conclusion that it had no basis in fact.

As to the contention that appellant was so intoxicated at the time of the homicide that he was incapable of having a premeditated design to effect the death of the deceased, his own testimony shows beyond any reasonable doubt that while he had drunk an unusual quantity of whiskey immediately before committing the homicide, he was then in possession of his mental faculties and that he was capable of deliberately determining his course of conduct. Circumstances which are established by his own testimony warrant the conclusion that he went to the place where the homicide occurred expecting and intending to use the pistol (with which the homicide was committed) in a personal difficulty and that he not only shot deceased without provocation or excuse but that after having shot deceased through the left breast at close range he followed deceased to where he (deceased) had fallen and there deliberately stood over him and shot him through the back of the head.

No reversible error being made to appear, the judgment is affirmed.

So ordered.

Affirmed.

BROWN, C. J., WHITFIELD, TERRELL, CHAPMAN, THOMAS and ADAMS, JJ., concur.