## GEORGE WASHINGTON JAMES v. STATE OF FLORIDA

12 So. (2nd) 311                          January Term, 1943
March 12, 1943                                     En Banc
Rehearing Denied March 29, 1943

*Manuel M. Glover,* for petitioner.

*J. Tom Watson,* Attorney General and *Woodrow M. Melvin,* Assistant Attorney General, for respondent.

BUFORD, C. J.:

Petitioner, George Washington James, was convicted of murder in the first degree in the Circuit Court of the Tenth Judicial Circuit of Florida in and for Polk County on the 27th day of March, 1942. The judgment of conviction was brought to this Court for review and on October 6, 1942, our opinion and judgment was filed and entered affirming the judgment of the trial court, 151 Fla. 534, 9 So. (2nd) 926.

The matter is now before us on petition for leave to apply to the court below for writ of error coram nobis. In the petition the petitioner avers in effect that petitioner was convicted upon the perjured testimony of one John Roulhac and that the perjury committed by John Roulhac was procured by one A. N. Bowen, a section foreman. The whole petition is based upon affidavits made by the petitioner and by three other persons who say in their respective affidavits that the witness John Roulhac, after the trial and conviction of the defendant, made statements in their presence to the effect that his testimony given on trial was false and that the truth was that George Washington James in killing the deceased, Wilmon Green, acted in self-defense and that such false testimony given by the said John Roulhac was the result of the conspiracy betwen Bowen, Roulhac and other laborers on the section gang to tell a story that would "sink James."

There is no intimation in the petition or in the affidavits that anybody officially connected with the prosecution had anything whatever to do with the contents of the testimony given by Roulhac on the trial. The affidavit of James, which is by way of verification of his petition, is the only evidence submitted on this petition which contradicts the evidence

given by Roulhac on the trial. The other affiants whose affidavits are presented here merely testify therein that they heard Roulhac *say* that his testimony as given on the trial was false.

We take judicial cognizance of the records of this Court.

James testified in his own behalf on the trial. There he attempted to show facts which would warrant his acting in self-defense but the jury was satisfied, on consideration of all the circumstances surrounding the homicide together with the direct evidence as to the manner in which the homicide occurred, to disbelieve James' story as to how it occurred.

The record showed that when the first shot was fired Wilmon Green was on the railroad track and he immediately ran off the track. There is some evidence that James shot at Green a second time as Green was leaving the track. Green ran out some little distance from the track and fell, face down, in the bushes. James followed, stood over the prostrate man and shot him in the back of the ear.

The most that can be said is that by this petition petitioner reaffirms his contention that he acted in self-defense and shows that he has some witnesses by whom he may be able to impeach the testimony of one of the state witnesses.

We have considered the petition and find that it entirely fails to meet the rule which has been enunciated by this Court in Lamb v. State, 91 Fla. 396, 107 So. 535; Skipper v. Schumaker, 124 Fla. 384, 169 So. 58; Jones v. State, 130 Fla. 645, 178 So. 404; McCall v. State, 136 Fla. 349, 186 So. 803; Hysler v. State, 146 Fla. 593; 1 So. (2) 628, affirmed by the Supreme Court of the United States, 86 Law Ed. 832, 315 U.S. 411 to 436.

The petition is denied.

TERRELL, THOMAS, SEBRING and ADAMS, JJ., concur.

BROWN and CHAPMAN, JJ., dissent.

CHAPMAN, J., dissenting:

It is my view that this Court should grant the right to present his petition for a writ of coram nobis to the lower court. The authority should be by an appropriate order

limited and restricted to "the alleged conspiracy between A. N. Bowen and John Roulhac to give false testimony and induce others to give false testimony against the petitioner and thereby obtaining his conviction on the false testimony." See Mooney v. Holohan, 294 U.S. 102, 103, 79 L. Ed. 791; Moore v. Dempsey, 261 U. S. 86, 67 L. Ed. 543.

The case of Baker v. State 150 Fla. 446, 7 So. (2nd) 792, came before this Court on petition for a common law writ of coram nobis. I prepared the opinion for the Court. The case was reviewed by the United States Supreme Court and it was sustained by a divided court. Likewise, the Hysler opinion and judgment was sustained by a divided Court.

The employment and use of perjured testimony by a sovereign State against a citizen violates the due process provisions of the Fourteenth Amendment.

It appears that the allegations of discrimination against colored people for jury service comes too late and the point is not properly raised.

BROWN, J., concurs.