## OLIVER SNELL v. STATE OF FLORIDA

28 So. (2nd) 863                      January Term, 1947
January 28, 1947                    Special Division B
Rehearing denied February 19, 1947

*Oliver Snell,* in propri persona, for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

HARRISON, Associate Justice:

On March 13, 1942, an indictment was returned against appellant in the circuit court of Indian River County, charging him with murder in the first degree of one Jesse Grace.

On March 14, 1942, the court appointed counsel to represent the appellant.

On April 8, 1942, a verdict was returned finding defendant guilty of murder in the second degree. He was adjudged guilty and sentenced to serve thirty years in the State prison.

On March 7, 1946, the appellant filed in the circuit court a petition for writ of error coram nobis. On the same date he filed an amendment to the petition and certain exhibits were filed as a part of the petition and copies were separately certified along with the record in this appeal.

On March 27, the assistant State attorney filed a demurrer to the petition. The same, after due notice, was heard by the Court on April 11, 1946, on which date an order was entered sustaining the demurrer and dismissing the petition, and the matter is now here on appeal taken from that order.

The petition for writ of error coram nobis is copied herein:

"To:

"Honorable A. O. Kanner, or Associate Justice, in and For The Ninth Judicial Circuit, Indian River County, Florida:

"The undersigned petitioner, of the above entitled cause deposes and says that he is a citizen of the United States of America and a resident of the State of Florida.

"He further says that he was indicted for first degree murder and tried under said indictment, and convicted of second degree murder and then sentenced to a term of thirty years in the state prison of the state of Florida, at the spring term of said Court A. D. 1942, and has there been confined and deprived of his liberty up to the present time.

"He further deposes and says that he is not guilty of the said offense, and there has been a miscarriage of justice.

"He further says that there has been newly discovered evidence that if it had been known, and presented in Court, at the time of trial, it would have precluded the issuance of judgment.

"In support of this petition, he hereby attaches the following letters of affidavits, to become a part of this writ.

"No. 1. Affidavit signed by Frank Fletcher and Eddie Anderson and notarized by C. P. Diamond, marked exhibit 'A'.

"No. 2. Affidavit signed by Frank Fletcher and notarized by Rose Lee Dunbar, marked Exhibit 'B'.

"No. 3. Affidavit signed by Frank Shearer and Fannie Shearer and notarized by Virginia Nye marked Exhibit 'C'.

"Also a true copy of said indictment, marked Exhibit 'D' and a copy of judgment and sentence, marked Exhibit 'E', and a copy of Adjudication of insolvency, marked Exhibit 'F'. He further says there was a miscarriage of justice and he was deprived of his constitutional rights on the following grounds, to-wit:

"Grounds No. 2. The said indictment was faulty, uncertain, contradictory within itself and invalid.

"Grounds No. 3. The verdict was not supported, and contrary to the evidence.

"Grounds No. 4. The Court was partial, biased, and prejudiced against the petitioner.

"Grounds No. 5. The petitioner was not properly represented by counsel.

"Grounds No. 6. There was false evidence introduced by the State and accepted by the Court.

"Grounds No. 7. There was subornation of perjury by the State Attorney.

Grounds No. 8. There was inadmissible evidence introduced in Court by the State.

"Grounds No. 9. There was misconduct by the State Attorney, for the purpose of bringing about a conviction, other than by the evidence introduced in Court.

"Wherefore the petitioner prays this Honorable Court to consider the premises, and to set aside the judgment and sentence, to be held as naught, and to grant unto him (petitioner) a writ of error coram nobis; and to issue such orders that the petitioner be released from his present confinement and place of abode, and on a day certain, "set" that he be brought in to open court where the above named grounds and complaints may be heard and considered and that the petitioner may be present to hear the decision of this Honorable Court, that the distance between this Honorable Court and the petitioner; that his constitutional rights will not be in any way jeopardized in an appeal, should there be grounds for an appeal, and the petitioner will forever pray.

(Signed)  OLIVER SNELL

Oliver Snell
Plaintiff and Petitioner

"Sworn to and subscribed before me this 6th day of February, 1946. Notary Public: Rose Lee Dunbar. Notary Public, State of Florida at Large. My Commission expires Oct. 17, 1946. (N.P. Seal).

"PETITION FOR ERROR CORAM NOBIS

"On April 11, 1946, Petition for Error Coram Nobis was filed, which is in the words and figures as follows, to-wit:

"In the Circuit Court of Florida in the Ninth Judicial Circuit In and For Indian River County. Spring Term Thereof, A. D. 1946.

"Oliver Snell, petitioner, v. State of Florida.

"PETITION FOR ERROR CORAM NOBIS

"Comes Now the Petitioner, Oliver Snell, in Propri Persona. In Response to Notice of Demurrer and Motion to Strike.

"The Petitioner Hereby Says the Petition is Good in Substance and Petition is Based on Facts and Court Rulings on Such Cases.

"It appears to the petitioner that the counsel for the State is out of line in filing with the Court a notice of demurrer. Statutes of Florida, Chapter 21820, A. D. 1943. And its provisions Section 1 and 5 thereof, which act confers original jurisdiction upon all circuit Judges, in their respective circuits, giving them each the power upon a filed bill of complaint, or petition, to hear such pleadings or petitions. It seems to the petitioner that the State Attorney has submitted a demurrer proceedings to clog the case with useless document, to befog the issue and make the case appear complicated when the State Attorney could have more easily submitted the motion to strike the whole case, for whatever reason he may think he has at the beginning of the hearing. If declaration shows the State Attorney (as defendant for the State) is entitled to anything, the extent of recovery cannot be tested by demurrer. (Borden v. W. U. Tel. Co., 32 Fla. 394, 13 So. 876). A defect of form cannot be reached by demurrer. Camp v. Hall, 39 Fla. 535, 22 So. Rep. 792. It appears to the petitioner that the State Attorney (counsel for the State) has no duty or right to demurrer against the court hearing the said petition, and depriving the petitioner his rights.

"It appears that the State Attorney is attempting to make it difficult for petitioner, knowing that the petitioner is not a lawyer, and is taking the advantage of that fact. When the petitioner is only seeking justice and fairness in a simple manner, according to law.

As there is no other court in which a petition for Writ of Error Coram Nobis other than the court of the original jurisdiction can be filed the State Attorney has no right to try in any way to bar such petition being heard. The petition is good in substance, sworn to as true in substance, and should be considered true by the Court until otherwise proven.

"Wherefore the Petitioner prays the Honorable Court to cancel said demurrer on the grounds that it is out of order, and deprives the petitioner his rights, makes the case complicated and misleading.

(Signed) OLIVER SNELL

Oliver Snell
In Propri Persona

"PETITION FOR A WRIT OF ERROR CORAM NOBIS

"On April 11, 1946, Petition for a Writ of Error Coram Nobis was filed, which is in the words and figures as follows, to-wit:

"In the Circuit Court of the Ninth Judicial Circuit in and for Indian River County, Florida.

"Oliver Snell, Plaintiff and Petitioner, v. The State of Florida, Respondent.

"PETITION FOR A WRIT OF ERROR CORAM NOBIS

"To: Honorable A. O. Kanner, Circuit Judge in and for said Court:

"In Re to above styled petition for Error Coram Nobis,

"Filed In Above Entitled Court. To be heard and considered at the spring term thereof. A. D. 1946.

"The Honorable Thad H. Carlton as counsel for the State has submitted to the petitioner a copy of demurrer and motion to strike said petition.

"Also advised the petitioner that the time set for hearing was on April 9th, A. D. 1946. At the Judge's Chamber, at Fort Pierce. Said counsel also advised that the petitioner could file such papers as he saw fit, in support of said petition, and it was permissible to have attorney or any person to represent him that he chose.

"The petitioner in said petition prayed this Honorable Court to issue orders that the petitioner be brought into court personally that he might present supplemental briefs, in support of the said petition, and to be present to hear the grounds discussed, and facts brought out in the case, and to be present to hear the decision of the Honorable Court.

"So far the petitioner has not been notified if such request has been granted the petitioner.

As the petitioner does not know an attorney or anyone to represent him in that district, he again prays the Honorable Court to issue orders directed to the prison custodian, L. F. Chapman, to have the said petitioner delivered to the said Court on or before the 9th of April, as the time set for hearing, that the said petitioner may personally present supplemental briefs to the Court, in support of his petition, and to be

present to hear the decision of this Honorable Court in this matter.

"The petitioner hereby requests that this letter of request be attached to the said petition, to become a part thereof.

Respectfully submitted:

OLIVER SNELL

Oliver Snell
In Propri Persona
Plaintiff and Petitioner.

March 30, A. D. 1946."

The appellant has undertaken to raise many questions which could only have been considered upon an appeal from the final judgment of conviction, and the only matters to be considered in this cause at this time are whether or not the court committed error in sustaining the demurrer to appellant's petition. As is the case in all writs of error coram nobis, the appellant (petitioner) undertakes to set up matters which had purportedly come to his knowledge since the trial. His affidavits failed to allege that fact, and the petition also fails to state that he or his counsel were without knowledge of the same, and no doubt he is unable to so state, for in the trial of the case proper, as shown by the transcript of record, Vol. 2, Page 204, his own counsel, or cross-examination, asked the following questions of the witness, Nathan Tillis:

"Q. Do you remember an occasion when your mother came to the jail to talk to you she told you that Snell was gone fifteen or twenty minutes; do you remember that?

"A. No, sir.

"Q. And do you remember that you told her that it had to be longer than that?

"A. I don't remember nothing about that.

"Q. You can't remember that, eh?

"A. No."

The petition in this case primarily questioned the credibility of the witness and none of the cases would sustain the granting of error coram nobis, wherein only the credibility of the witness is brought into question. In all other respects, had it been established that all things alleged in the petition

were true to the extent the same are stated, the same could not have precluded the circuit judge from the entry of the judgment, because there was ample evidence to sustain the conviction.

As regards the statements purporting to allege any misconduct on behalf of the State Attorney, there is no showing that Tillis's original statement was untrue, or, if his original statement was untrue, there is no allegation that the State Attorney was advised thereof. Furthermore, there is no showing that Tillis stuck to his original statement at the trial. It is not shown that at the time judgment was rendered appellant did not know this purported conversation between the State Attorney and the witness, Tillis, had taken place, and, even if there was allegation that Tillis had testified falsely at the instigation of the State Attorney, that would still fall short of justifying the issuance of a writ of error coram nobis. See Jones v. State, supra, 130 Fla. 645, 178 So. 404.

The affidavit of Frank Shearer and Fannie Shearer to the effect that Nathan Tillis and Jesse Grice were intoxicated at such time as was stated in the affidavit could have had no bearing upon nor would the same have been sufficient to have warranted the judge to grant a writ of error coram nobis; furthermore, the testimony in the original trial established that in all probability both of said parties were intoxicated.

The contention that the indictment was no good is without merit. The indictment speaks for itself. It charged murder in the first degree, and, therefore, embraced all lesser degrees of unlawful homicide and, furthermore, the same is not properly before the court for review in this limited proceeding.

The question that the verdict was not supported by the evidence is not properly before the court.

The ground that the court was partial and biased and prejudiced against the appellant has no foundation or basis as reflected by the record before the court, and, if such were the case, the appellant had his remedy to proceed in the manner prescribed by law.

The ground that the appellant was not properly represented by counsel would not justify the issuance of a writ of

·error coram nobis, and there was no error in the sustaining or the demurrer from this.

The ground that there was false evidence introduced by the State, and accepted by the Court, is made without any substantiation in this record and is, therefore, not entitled to consideration.

The charge that "there was subornation of perjury by the State attorney" amounted to no more than a conclusion of the plea and was insufficient to justify relief. See Jones v. State, ·supra, 130 Fla. 645, 178 So. 404.

The charge that there was inadmissible evidence introduced during the appellant's trial afforded no ground for relief by writ of error coram nobis, and the same rule of law applies to the next ground, or allegation, namely that there was misconduct by the State attorney for the purpose of bringing about a conviction other than by the 'evidence introduced· in the court.

The allegation that "the petitioner did not have a' fair and impartial trial, in violation of the constitutional rights, both State and Federal, has no basis of foundation in this record which could be reviewed upon an appeal from an order sustaining a demurrer to the·petition for writ of error coram nobis.

Appellant has cited many authorities of this Court which deal with the remedy of the coram nobis, and it is only necessary to refer to the authorities cited by him in order to sustain the judgment of this court, therefore it is ordered. that the judgment appealed from be; and the same is hereby, affirmed.

Affirmed.

THOMAS, C. J., BUFORD and ADAMS, JJ., concur.