### JOHNSON v. MAYO.
### Civ. No. 1509-J.
#### United States District Court
#### S. D. Florida, Jacksonville Division.
#### Dec. 17, 1948.

John R. Johnson, pro se.

Reeves Bowen, Asst. Atty. Gen. of Florida, for respondent, Nathan Mayo.

DE VANE, District Judge.

Petitioner has filed in this court a petition for writ of habeas corpus in which he alleges that he is illegally imprisoned in the Florida State Prison at Raiford, Florida, by virtue of a five year sentence imposed upon him by the Judge of the Circuit Court, in and for the Third Judicial Circuit of Florida, at Madison. The petition discloses that petitioner heretofore sought his release from this sentence by a habeas corpus proceeding instituted in the State courts. The Circuit Judge and the Supreme Court of Florida, 28 So.2d 585, decided against him, whereupon petitioner applied to the Supreme Court of the United States by way of certiorari within ninety days following the decision of the Supreme Court of Florida. A certiorari was denied. Johnson v. Mayo, 329 U.S. 804, 67 S.Ct. 492, 91 L.Ed. 687.

Since the decision of the Supreme Court in Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, petitioner is now in this court seeking his release by way of habeas corpus. He raises no new grounds, simply asserting his right to another trial. There is dictum in Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572, that indicates petitioner may have a right to a retrial and readjudication in this court, of the questions heretofore determined as to the legality of his imprisonment. However, in Wade v. Mayo, supra [334 U.S. 672, 68 S. Ct. 1274], where the precise question was before the Supreme Court, that court said: "After state procedure has been exhausted, the concern is with the appropriate federal

forum in which to pursue further the constitutional claim. The choice lies between applying directly to this Court for a review of the constitutional issue by certiorari or instituting an original habeas corpus proceeding in a federal district court."

While the law as laid down in the Wade Case does not leave a petitioner absolutely free to choose between certiorari to the Supreme Court or a petition for writ of habeas corpus in a District Court, it does make it clear that where a petitioner does choose certiorari and resorts to it, that he is at the end of his road, on the issues presented, as he should be. Consideration of orderly procedure in Federal courts prohibits any other conclusion.

An appropriate order will be entered denying the prayer for a writ of habeas corpus and said petition will be dismissed.