## JONES v. MAYO et al.

United States District Court
S. D. Florida, Jacksonville Division.

Nov. 2, 1949.

Michael C. Jones, pro se.

Reeves Bowen, Asst. to the Atty. Gen., for respondents.

DE VANE, District Judge.

Petitioner has filed herein a petition for writ of habeas corpus against Nathan Mayo, as custodian of Florida State Prison and L. F. Chapman, as superintendent of said prison, alleging that he is being held in violation of his constitutional rights both State and Federal and that he has been deprived of his constitutional liberties guaranteed under the due process clause of the Fourteenth Amendment of the Constitution of the United States.

Petitioner was convicted in the Criminal Court of Record of Hillsborough County, Florida on March 19, 1935 on the second count of an information in which second count petitioner was charged as principal in the second degree with the crime of armed robbery. He was sentenced to life imprisonment. An appeal was taken and his conviction was affirmed by the Supreme Court of Florida in Jones v. State, 122 Fla. 307, 165 So. 33 and certiorari was denied by the Supreme Court of the United States in 297 U.S. 717, 56 S.Ct. 596, 80 L. Ed. 1002.

After exhausting all remedies for a reversal of his conviction petitioner filed in the Supreme Court of Florida an application for leave to file a petition for writ of error coram nobis, which was denied in Jones v. State, 130 Fla. 645, 178 So. 404. Thereafter petitioner filed in the Circuit Court of Union County, Florida his petition for writ of habeas corpus seeking his release, which was denied by the Judge of that court and on appeal the judgment was affirmed in Jones v. Mayo et al., 139 Fla. 400, 190 So. 615, and certiorari was denied by the Supreme Court of the United States in State ex rel. Jones v. Mayo, 299 U.S. 614, 57 S.Ct. 319, 81 L.Ed. 453. This last case was decided by the Supreme Court of Florida on July 21, 1939.

As far as the record in this case shows petitioner has never heretofore filed a petition for writ of habeas corpus in this court and his reason for doing so now is evidently prompted by language used by this court in denying petitions for writs of habeas corpus in Chancey v. Mayo and three companion cases, decided December 17, 1948. In those cases, referring to Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647, the court said: "There must be some orderly procedure established in

these habeas corpus cases filed by State prisoners. In the opinion of this court these cases are illustrative of the orderly procedure that should be adhered to and followed. Where petitions for writs of habeas corpus filed in the State courts are denied without hearing, petitioners should have the right to come immediately to Federal District courts where they may again endeavor to secure a hearing on their petitions and where they will be granted a hearing, if the allegations of their petitions are sufficient to warrant it. However, in those cases where a State court grants a writ, holds a full hearing at which the petitioners are represented by counsel and a full record of the facts pertinent to the issues raised by the petitions are contained in such record petitioners should be restricted to a review of the State court's action by certiorari to the Supreme Court of the United States. Considerations of prompt and orderly procedure in Federal courts dictate no other procedure." Following the decision of this court in the Chancey case petitioner filed a second petition for writ of habeas corpus in the Circuit Court of Alachua County, Florida on April 12, 1949, which, after due consideration by the Circuit Judge, was denied and the Supreme Court of Florida dismissed the appeal under date of September 13, 1949.

Relying upon that part of the above citation in which this court said: "Where petitions for writs of habeas corpus filed in State courts are denied without hearing petitioners should have the right to come immediately to a Federal District court where they may again endeavor to secure a hearing upon their petition and where they will be granted a hearing, if the allegations of their petition are sufficient to warrant it", the petitioner promptly submitted to the Clerk of this court his petition for writ of habeas corpus. It was sworn to under date of September 27, 1949.

In Johnson v. Mayo, 81 F.Supp. 455, decided by this court on the same date as the Chancey case, this court held that where a petitioner for writ of habeas corpus had completed the State process under such a petition seeking his release and had applied to the Supreme Court of the United States by way of certiorari, which had been denied, that he had exhausted his judicial remedies and could not later come into this court and seek his release on habeas corpus. The court adheres to and reaffirms that ruling in this case.

Furthermore, the petition in this case fails to state grounds for the issuance of a writ and the petition for a writ may also be denied for this reason. Every question raised in this petition was before the Supreme Court of Florida in Jones v. Mayo, 139 Fla. 400, 190 So. 615 and before the Supreme Court of the United States when certiorari was denied by that court in State ex rel. Jones v. Mayo, 299 U.S. 614, 57 S.Ct. 319, 81 L.Ed. 453. These decisions put an end to the issues raised in this case.

An order in conformity with this memorandum decision will be entered denying the petition for writ of habeas corpus.