210 So.2d 777 (1968)
Aubrey W. BOTTS
v.
STATE of Mississippi.
No. 44882.
Supreme Court of Mississippi.
May 27, 1968.
*778 Kepper & Kepper, Hattiesburg, for appellant.
Joe T. Patterson, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Justice:
Aubrey W. Botts, the appellant, filed a petition for a writ of error coram nobis in the Circuit Court of Forrest County on February 23, 1967. He alleged in his petition that he was denied certain constitutional rights in the trial in which he was convicted and sentenced to the state penitentiary on July 19, 1961.
The petitioner alleged that he was interrogated and given a preliminary hearing, and was arraigned and tried without the assistance of an attorney. He also alleged that he was denied a sanity hearing although he informed the officers that he had been in an asylum.
The trial court appointed an attorney to represent the petitioner in the coram nobis proceedings and conducted a full hearing upon the petition. The petitioner testified that he did not have an attorney and that his constitutional rights were not explained to him; and that he was interrogated by the district attorney and the district attorney threatened him with a life sentence and induced him to plead guilty. He testified that he was arraigned in the Circuit Court without having his constitutional rights explained to him, and that he was denied the right of counsel. He said that he was tried immediately and again tried the next day, and that he was denied counsel on both trials. He said that on both occasions he told the district attorney about his mental condition. The petitioner introduced a letter written by a medical practitioner, Dr. William M. Moody, dated April 16, 1961 (6 years before the trial) in which he said that in his opinion Aubrey Botts was then suffering from "psychosis in the form of schizophrenia." Dr. Moody was introduced as a witness and testified that he wrote the letter and was of the opinion that the patient was irrational and compulsive and *779 "unable to adequately prepare his defense and adequately defend himself in a court of law." He based this opinion upon the proposition that if he (the witness) were in trouble, "I would sure as heck hunt up a lawyer real fast, see."
The State offered evidence to show that the defendant was offered an attorney and in fact talked with an attorney, and that he was advised of his constitutional rights, but that the petitioner refused to permit the court to appoint counsel for him, although the district attorney told defendant that counsel would be appointed if he wanted counsel. The district attorney and other officers denied that the defendant had advised them that he was mentally deficient or that he wanted a sanity hearing.
The trial court determined from the testimony that the petitioner was not denied his constitutional rights, that he was given a fair trial although he refused to permit the court to appoint counsel for him, and that the petitioner was a bright young man not suffering from mental disability so as to prevent him from being tried.
The function of a writ of error coram nobis is to bring to the court's attention some matter or fact which does not appear on the face of the record which was unknown to the court or the parties at the time, and which, if known, and properly presented, would have prevented the rendition of the original judgment. The violation of defendant's constitutional right to be represented by counsel constitutes ground for granting a writ of error coram nobis to correct a former judgment. 18 Am.Jur.2d Coram Nobis § 17 (1965).
The burden of proof is upon the petitioner on an application for a writ of error coram nobis to establish to a reasonable probability facts upon which he relies for relief. Wheeler v. State, 219 Miss. 129, 155, 63 So.2d 517, 68 So.2d 868, 70 So.2d 82 (1954); 18 Am.Jur.2d Coram Nobis § 26 (1965).
The question as to whether or not a new trial should be granted on an application for writ of error coram nobis is largely within the sound discretion of the trial court, and where the record discloses the full hearing on the petition, the judgment of the trial court should be sustained unless it appears on appeal that the judgment is a clear abuse of judicial discretion or that the order of the trial court on the hearing upon a petition for writ of error coram nobis is incorrect as a matter of law. 5A C.J.S. Appeal and Error § 1660 (1958); 18 Am.Jur.2d Coram Nobis § 7 (1965); 30A Am.Jur. Judgments § 738 (1958); Cole v. Walker Fertilizer Co. for Use and Benefit of Walker, 147 Fla. 1, 1 So.2d 864 (1941); Rogers v. State, 243 Miss. 219, 136 So.2d 331 (1962) (on question of law).
A careful examination of the record of testimony presented to the trial judge on the issues involved in the proceedings on the petition and a careful reading of the opinion of the trial judge have convinced us that the trial court did not abuse its judicial discretion in refusing to set aside the former judgment and grant the petitioner a new trial on a writ of error coram nobis. We therefore hold that the order of the trial court rejecting the application for writ of error coram nobis should be, and it is, hereby affirmed.
Affirmed.
ETHRIDGE, C.J., and BRADY, PATTERSON and SMITH, JJ., concur.