MICHAEL C. JONES v. NATHAN MAYO, as State Prison
Custodian, *et al.*

171 So. 312.
Opinion Filed December 14, 1936.

*Michael C. Jones, in pro. per.,* for Petitioner;

*John B. Sutton,* and *G. L. Reeves,* for the County of
Hillsborough.

DAVIS, J.—Michael C. Jones was convicted of armed rob-
bery and sentenced to the State Prison for life. The judg-
ment was affirmed here December 27, 1935, and rehear-
ing denied January 22, 1936. See: Jones v. State, 122 Fla.
307, 165 Sou. Rep. 33. Certiorari denied U. S. Supreme
Court, 297 U. S. 71, 56 Sup. Ct. Rep. 596, 80 L. Ed. 1002.
In subsequent proceedings by habeas corpus a challenge
to the constitutionality of the statute under which Jones
had been convicted was rejected, whereupon Jones applied
again to the U. S. Supreme Court for certiorari. The at-
tack on the statute was on Federal Constitutional grounds.
Jones acted as his own attorney, it being asserted by him

here that he was unable to employ counsel learned in law to represent him in his legal efforts to void the judgment of conviction.

Upon *ex parte* application of Jones, who is now, and ever since his conviction has been a prisoner in the State penitentiary, this Court on June 18, 1936, entered the following order, which the County of Hillsborough has attacked by a motion to vacate as unauthorized in law:

"The Petitioner in the above styled cause having applied to this Court for an order adjudging him insolvent in connection with his proposed application to the United States Supreme Court for a Writ of Certiorari to review the order of this Court denying his petition for a Writ of Habeas Corpus; and it appearing to the Court from the certified transcript of record filed in this Court pursuant to the writ of error taken by the Petitioner from the judgment of conviction entered against Petitioner in the Criminal Court of Record for Hillsborough County, Florida, that the Judge of said Criminal Court of Record for Hillsborough County, Florida, upon proper application did formally adjudge the said Petitioner, Michael C. Jones, to be insolvent;

"It is thereupon ordered and adjudged by the Court that the Petitioner herein, Michael C. Jones, is adjudged to be insolvent and that the lawful costs of his application to the United States Supreme Court for a writ of certiorari be taxed against the County of Hillsborough."

The grounds of the county's motion are as follows:

"1. That the same was entered without notice to the County of Hillsborough.

"2. That the said order is illegal and contrary to the law in this State pertaining to such cases.

"3. That the said order is illegal and contrary to the law in this State pertaining to such cases.

"4.    That it is not the legal or moral duty of the County of Hillsborough to pay these costs, but under the provisions of Title 28, Section 832, U. S. C. A., it is the legal duty of the United States Government to pay the costs in such proceedings and under the said circumstances."

When there is no appeal from an order or judgment of the Supreme Court of Florida to any higher judicial tribunal with reference to an order or judgment of the Supreme Court such as has been here brought into controversy, the appropriate procedure for reviewing the order or judgment in question is that which has been followed by counsel for the affected county, namely, an appeal to the Supreme Court which entered the order moving it to vacate and set aside its own alleged unlawful and unauthorized proceedings and judgment on the grounds and for the causes stated.

Section 832 of Title 28 U. S. C. A. reads as follows:

"832.    SUITS, AND SO FORTH, BY POOR PERSONS; PREPAYMENT OF FINES AND COSTS.    Any citizen of the United States entitled to commence any suit or action, civil or criminal, in any court of the United States, may upon the order of the court, commence and prosecute or defend to conclusion any suit or action, or an appeal to the circuit court of appeals, or to the Supreme Court in such suit or action, including all appellate proceedings, unless the trial court shall certify in writing that in the opinion of the court such appeal is not taken in good faith, without being required to prepay fees or costs or for the printing of the record in the appellate court or give security therefor, before or after bringing suit or action, or upon appealing, upon filing in said court a statement under oath in writing, that because of his poverty he is unable to pay the costs of said suit or action or appeal, or to give security for the

same, and that he believes that he is entitled to the redress he seeks in such suit or action or appeal, and setting forth briefly the nature of his alleged cause of action, or appeal. In any criminal case the court may, upon the filing in said court of the affidavit hereinbefore mentioned, direct that the expense of printing the record on appeal be paid by the United States, and the same shall be paid when authorized by the Attorney General."

In the present case Jones, who was convicted of crime in the Criminal Court of Record of Hillsborough County, was adjudged insolvent and took a writ of error to the Supreme Court of Florida which affirmed the judgment of conviction, as hereinbefore related. The costs of that appeal were in due course paid by Hillsborough County pursuant to Section 8486 C. G. L., 6172 R. G. S. Having lost his original appeal from the judgment of conviction, Jones now comes to the Supreme Court in its original jurisdiction and after procuring a writ of habeas corpus, is remanded. The order of this Court, as to Hillsborough County's payment of the costs now involved, is that Hillsborough County shall pay the additional cost of a transcript of the record to support an application to the Supreme Court of the United States for a writ of certiorari to review and reverse the judgment of this court entered in the habeas corpus proceeding.

We are unable to find any legal precedent or authority to support our requirement that Hillsborough County shall pay the costs of a certiorari application to the Supreme Court of the United States from the judgment entered in original habeas corpus proceedings instituted in the Supreme Court after the original judgment of the Hillsborough County Criminal Court of Record was affirmed and the costs in that case paid by the county, so our order of June

18, 1936, was erroneous and should be vacated, and an order entered in lieu thereof denying the motion of said Michael C. Jones in the particulars specified in our order of June 18, 1936.

Ordered accordingly.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, and BUFORD, J. J., concur.