C. R. JOHNSON v. STATE OF FLORIDA

4 So. (2nd) 671

Division A

Opinion Filed November 21, 1941

*P. Guy Crews,* for Appellant;

*J. Tom Watson,* Attorney General, *Sidney L. Segall,* Assistant Attorney General, and *Woodrow M. Melvin,* Special Assistant Attorney General, for Appellee.

BUFORD, J.—Appellant was convicted of the crime of manslaughter alleged to have been committed by the negligent operating of an automobile on the public highway in Madison County, Florida.

The record shows that while appellant was driving a pick-up truck at a speed of between forty and fifty miles per hour going east on State Road No. 1 near the Town of Lee and while he was in a state of stupor from loss of sleep (he having voluntarily refrained from sleep during the then past more than thirty hours) he so drove the automobile that it left the south or right side of the highway, ran over the north or left side of the highway and when about three feet off the pavement struck and killed the alleged victim.

The record shows that the appellant knew what his condition of stupor was because he had just prior to the accident fallen asleep at a place where he stopped to get a bottle of beer. Therefore he knew he was in no condition to operate a motor vehicle and he knew that by operating such vehicle in such place while he was in such condition he thereby endangered the lives of all people traveling on such highway. When the accused assumed to do this he was guilty of criminal negligence and cannot escape the responsibility by

averring that he fell asleep and did not realize that he had hit and killed an unfortunate human being who was entirely without fault.

It is urged here that the judgment should be reversed because appellant was not represented by counsel at the trial which resulted in his conviction. The record shows that the accused was represented by counsel when he was arraigned on the information and that his counsel filed motion to quash; that on motion to quash being denied, accused pleaded "not guilty" and the cause was set for trial.

The record does not show that counsel was present at the trial. Neither does it show that accused objected to going to trial without counsel nor that he in any manner brought to the attention of the Court any reason why the trial should not then proceed.

The accused was a man of full age and there is no showing that he did not fully appreciate the gravity of his position.

The fourth ground of motion for new trial is:

"4. That because and by reason of things beyond the control of the Defendant he had to go to trial without counsel, having theretofore fully relied upon having counsel represent him."

The ground stated was entirely insufficient to warrant the granting of a new trial, *non constat* he may have failed to pay counsel the fee required for the services of an attorney in the trial.

There was no duty resting upon the trial court to appoint counsel to represent the accused as he was not charged with a capital offense. See Sec. 157 Criminal Procedure, Acts 1939; Watson, *et al.* v. State, 142 Fla. 218, 194 Sou. 640.

No objections were made and no exceptions noted during the trial.

We have carefully examined the record and find that it reflects no error that might have availed the accused had he been represented by counsel.

The judgment should be, and is affirmed.

So ordered.

Affirmed.

BROWN, C. J., WHITFIELD, and ADAMS, J. J., concur.