In re F. C. STEVENS.

No. A-10590.  June 27, 1945.

(160 P. 2d 415.)

Wimbish & Wimbish, of Ada, for petitioner.

Randell S. Cobb. Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for respondent.

JONES, J. This is an original proceeding in habeas corpus to secure the release of the petitioner from confinement in the State Penitentiary at McAlester.

The verified petition filed herein alleges that on March 7, 1944, a complaint was filed against the petitioner in a justice of the peace court of Murray county, charging the petitioner with the crime of rape. That on the 8th day of March, 1944, the petitioner was taken before the justice of the peace. That he was not advised of any of his constitutional or statutory rights, nor the exact nature of the charge against him. That he was not advised of his right to have a preliminary examination, nor was he furnished with a copy of the complaint, nor was he given a list of the names of the witnesses who would be called to testify against him.

That on March 15, 1944, an information was filed in the district court of Murray county. That on the same date, the petitioner was brought before the district court for arraignment. That the petitioner, although 70 years of age and wholly illiterate and uneducated, appeared without counsel. That the information was not read to the defendant and no copy thereof with a list of the witnesses endorsed thereon served on petitioner. That a copy of said information was filed in the office of the court clerk of Murray county, but, instead of being served on the petitioner at the time of arraignment, remained at the office of the court clerk until procured by counsel for petitioner preparatory to the institution of this proceeding.

That the district court of Murray county did not advise the petitioner of his right to benefit of counsel

and of his right to have counsel appointed to represent him in case of his inability to employ counsel. That no counsel was appointed to represent the petitioner and that petitioner did not waive any of his statutory or constitutional rights. That the court inquired of petitioner whether he wished to plead guilty to the charge set forth in the information and that petitioner did plea guilty thereto, and that the trial court, without postponing the judgment for two days, proceeded at once to sentence him to serve a term of 99 years imprisonment in the State Penitentiary at McAlester, and he was, by the sheriff, immediately taken to the said State Penitentiary, where he has been held in custody since that date.

That the petitioner is wholly senile and physically unable to commit the crime charged against him. That had he had the benefit of counsel to advise with him he would not have entered a plea of guilty.

The verified petition prayed that this court find that the judgment of the district court of Murray county was void and of no effect because the judgment was obtained without due process of law and that the petitioner be granted his relief from unlawful restraint.

A response was filed on behalf of the warden of the State Penitentiary, in which it was alleged that the warden is restraining the petitioner of his liberty under the following circumstances:

"That on the 7th day of March, 1944, a complaint was filed before Justice of the Peace O. C. Shaffer, Sulphur Township, Murray County, Oklahoma, charging said petitioner with Rape in the First Degree; that on the 8th day of March, 1944, said defendant was arraigned and fully advised as to his rights under the law, and defendant entered a plea of not guilty and waived preliminary hearing; that thereafter, and on the 9th day of

March, 1944, said case was by transcript filed in the district court of Murray County, Oklahoma; that on the 15th day of March, 1944, defendant appeared in person in open court, heard the reading of the Information, was informed of his constitutional rights by the court, waived formal arraignment and time to plead and entered his plea of guilty. Thereupon, the court sentenced said defendant to serve a term of ninety-nine (99) years in the Oklahoma State Penitentiary at McAlester, Oklahoma.

"This response and the contents thereof are true and correct as shown by Exhibit 'A', same being Affidavit of the Justice of the Peace before whom petitioner appeared at the time of the preliminary; Exhibit 'B', Affidavit of the court clerk of Murray County, Oklahoma, and Exhibit 'C', Affidavit of the trial judge who informed said defendant of his rights, received his plea, accepted same and sentenced said petitioner."

The minutes of the district court read as follows:

"Defendant appeared in open court in person and is informed of his rights by the Court. Defendant waives formal arraignment and time to plead and heard reading of the information and enters his plea of guilty. Judgment and sentence of the Court is that the Defendant, F. C. Stevens, be by the Sheriff of Murray County delivered to the Warden of the State Penitentiary at McAlester, to serve a period of ninety-nine (99) years."

The affidavit of the district judge who pronounced sentence against the petitioner recites:

"Affiant states that on the 15th day of March, 1944, the defendant F. C. Stevens was duly arraigned in the District Court of Murray County charged with the crime of rape; that after being advised of his constitutional rights in that he was entitled to counsel to represent him and that he was entitled to reserve his plea for twenty-four hours he stated that he was guilty and wished to waive those rights and enter his plea of guilty at that time; thereupon the Court accepted his plea of guilty

and asked the defendant F. C. Stevens if he would like to make a statement before sentence was pronounced whereupon he did make a statement and asked the mercy of the Court. The Court interrogated him concerning the commission of the crime and he told the story freely in which he admitted the crime and detailed the many experiences he had had with the prosecuting witness on other occasions. He again asked that the Court be merciful with him. He was not under duress nor was he frightened in any way. He was advised of the gravity of the crime and understood it and was aware of the penalty that might be assessed. Whereupon the Court after hearing his statement and being fully advised in the premises assessed his punishment at ninety-nine years in the State Penitentiary."

A hearing was had before this court. The affidavit of the trial judge was treated as the testimony of said court in connection with the arraignment and sentence of the petitioner. The evidence was undisputed that the petitioner is 70 years of age, illiterate, and without funds to employ counsel.

The affidavit of the trial judge states that he advised petitioner "that he was entitled to counsel to represent him and that he was entitled to reserve his plea for 24 hours." This is not sufficient to meet the requirements of the law. The court should not only advise one accused of crime that he is entitled to counsel to represent him, but he should further advise the accused that, in case of his inability to employ counsel, the court will appoint counsel to represent him without expense to the accused. The court did not advise accused that he was entitled to 48 hours before sentence was pronounced upon his plea, and there is no claim that the petitioner waived this right. This is a capital case. The petitioner could have been sentenced to death in the electric chair. In fact, he was sentenced to serve a term in the penitentiary

which amounted to a life sentence. In a capital case, the trial court should not be hasty but should proceed with caution. This is all the more true when the accused is uneducated and appears without counsel.

In Sutton v. State, 35 Okla. Cr. 263, 250 P. 930, 934, it is said:

"It is true that many constitutional guaranties may be waived by an accused person who comes into court represented by counsel and being fully advised of all his rights, and in such cases it might be said that he waives a right for which he does not ask. However, the record in this case shows that appellant did not waive any constitutional or statutory right, except in so far as his plea of guilty waived his right to be tried by a jury. In our opinion the constitutional right to be represented by counsel and the right in capital cases, at least two days before the case is called for trial, to be furnished with a list of the witnesses, together with their post office addresses, are essential to due process of law guaranteed to the citizen by section 7, Bill of Rights. We are inclined to think that a conviction had by a denial of these constitutional rights simply amounts to judicial lynch law."

In the case of Ex parte Meadows, 70 Okla. Cr. 304, 106 P. 2d 139, 141, the following rules of law were adopted:

"Whether one accused of crime has waived his right to the assistance of counsel for his defense must depend in each case upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

"Habeas corpus is an available remedy to one who has, without having effectively waived his constitutional right to the assistance of counsel, been convicted and sentenced and to whom expiration of time has rendered relief by an application for a new trial or by appeal unavailable.

"One charged with crime is as much entitled to assistance of counsel in preparing for trial, as at the trial itself.

"In a felony case, where the defendant is unable to employ counsel and is incapable adequately of making his own defense because of ignorance, feeble-mindedness, illiteracy, or the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law.

"A judgment of conviction of one who did not effectively waive his constitutional right to the assistance of counsel for his defense is void as having been rendered without jurisdiction. * * *

"Where the accused is young, illiterate, and inexperienced in court proceedings, and charged with a felony, the court should proceed with caution. The caution to be exercised depends upon the gravity of the offense charged."

In Ex parte Meadows, supra, and Ex parte Barnett, 67 Okla. Cr. 300, 94 P. 2d 18, this court followed the opinion of the Supreme Court of the United States in the case of Johnson v. Zerbst, 304 U. S. 458, 58 S. Ct. 1019, 1024, 82 L. Ed. 1461, 146 A.L.R. 357, in which it is stated:

"When this right [to counsel] is properly waived, the assistance of counsel is no longer a necessary element of the court's jurisdiction to proceed to conviction and sentence. If the accused, however, is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty. A court's jurisdiction at the beginning of the trial may be lost 'in the course of the proceedings' due to failure to complete the court—as the Sixth Amendment requires—by providing counsel for an accused who is unable to obtain counsel, who has not intelligently waived this constitutional guar-

anty, and whose life or liberty is at stake. If this requirement of the Sixth Amendment is not complied with, the court no longer has jurisdiction to proceed. The judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release by habeas corpus. A judge of the United States—to whom a petition for habeas corpus is addressed—should be alert to examine 'the facts for himself when if true as alleged they make the trial absolutely void.' "

See, also, in this connection, Mullen v. State, 28 Okla. Cr. 218, 230 P. 285; Goben v. State, 20 Okla. Cr. 220, 201 P. 812; Ex parte Robnett, 69 Okla. Cr. 235, 101 P. 2d 645.

It is our opinion, after a consideration of the record, that because of the age and illiteracy of the accused, coupled with the fact that a capital offense was charged against him, the court should have appointed counsel to have represented the petitioner as a necessary requisite of due process of law; that the court's failure to do this at the time of arraignment was fatal to the court's jurisdiction. The court's jurisdiction being lost by failure to complete the court by providing counsel for accused, who was unable to obtain counsel and who had not intelligently waived this constitutional guaranty. the judgment pronounced upon the plea of guilty is void and should be set aside.

It is therefore ordered that the judgment and sentence pronounced against the defendant, F. C. Stevens, in case No. 1502, in the district court of Murray county, and all other proceedings in said court in said cause subsequent to the filing of the information therein, be and the same are hereby vacated and set aside.

It is further ordered that the writ of habeas corpus be issued and the warden of the State Penitentiary at

McAlester, Okla., be and he is hereby commanded forthwith to deliver into the custody of the sheriff of Murray county, Oklahoma, the petitioner, F. C. Stevens.

It is further ordered that the sheriff of Murray county, Okla., hold the said F. C. Stevens pending the disposition of the charge filed against him in said cause No. 1502, in the district court of Murray county, or until he is otherwise discharged as provided by law in such cases.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.