**MAYO, State Prison Custodian, v. WADE.**

No. 11715.

Circuit Court of Appeals, Fifth Circuit.

Nov. 22, 1946.

J. Tom Watson, Atty. Gen., of Florida, and Reeves Bowen and Sumter Leitner, Assts. to Atty. Gen., of Florida, for appellant.

Eugene M. Baynes, of West Palm Beach, Fla., for appellee.

Before SIBLEY, HUTCHESON, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

Appellee was convicted in Palm Beach County, Florida, March 14, 1945, in the Criminal Court of Record, for the offense of breaking and entering, which was not a capital offense. On the next day he filed a petition in habeas corpus in the Circuit Court of the State of Florida having jurisdiction in Palm Beach County, alleging that he had been unable to employ counsel, and that the Criminal Court of Record denied his request for the Court to appoint counsel to represent him in his trial. The Circuit Court quashed the writ and remanded the Appellee to the custody of the Sheriff of Palm Beach County.

His appeal to the Supreme Court of Florida was, on motion of the Attorney General of the State of Florida, dismissed as frivolous. Having exhausted all available remedies in the state courts, Appellee, on May 10, 1946, filed a petition, with substantially the same allegations, for a writ of habeas corpus in the District Court of the United States for the Southern District of Florida, Jacksonville Division. He was allowed to proceed in forma pauperis and in due course a return to the writ was filed by Respondent. Testimony was taken and upon final hearing the Court below made the following finding:

"It appears that petitioner, at the time of his trial in the Criminal Court of Record of Palm Beach, Florida, was eighteen years old, and though not wholly a stranger to the Court Room, having been convicted of prior offenses, was still an inexperienced youth unfamiliar with Court procedure, and not capable of adequately representing himself. It is admitted by the Judge who presided at petitioner's trial on March 6, 1945 that petitioner in open Court, before

trial commenced, requested said Judge to appoint counsel for him, but the request was denied and petitioner placed on trial without counsel."

The Appellee had, in November, 1943, pleaded guilty in Jackson County, Florida, to a charge of burglary, and had served a portion of his sentence, from which he was on parole at the time of the alleged breaking and entering in Palm Beach County. He had completed the eighth grade in school. During the progress of the trial in the second case it appeared that Appellee: (a) Was advised by the trial Judge of his right to challenge jurors and excuse as many as six without any reason being given therefor; (b) was afforded an opportunity, which he accepted, to cross examine state witnesses; (c) took the stand and testified fully in his own behalf; (d) was offered the privilege of arguing his case to the jury but declined, as did the prosecuting attorney.

There were no complicated questions of law involved in the trial but only simple questions of fact.

Two others who were charged with the offense jointly with Wade pleaded guilty.

The Court below, after hearing the evidence, was of the opinion, and so held, that under Section 11 of the Declaration of Rights of the Florida Constitution[1] and certain Florida decisions[2] the refusal of the trial Court to appoint an attorney to defend Petitioner was a denial of due process under the laws of Florida, contrary to the Fourteenth Amendment to the Federal Constitution.

In undertaking to determine what the Florida law on the subject is we note that Sec. 909.21, Florida Statutes, 1941,[3] requires the appointment by the court of counsel to defend indigent persons only in capital cases. This statute makes it mandatory

---

[1] "In all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury, in the county where the crime was committed, and shall be heard by himself, or counsel, or both, * * *." Sec. 11, Declaration of Rights, Fla. constitution.

[2] Deeb v. State, 131 Fla. 362, 179 So. 894; Christie v. State, 94 Fla. 469, 114 So. 450.

[3] "In all capital cases where the defendant is insolvent, the judge shall appoint such counsel for the defendant as he shall deem necessary, and shall allow such compensation as he may deem reasonable, such sum to be paid by the county in which the crime was committed." Sec. 909.21, Florida Statutes, 1941, F.S.A.

for the court to appoint attorneys for indigent persons in capital cases and to pay them out of the public treasury, but there is no requirement that counsel be appointed to represent a defendant in a non-capital case, and there is no authority to pay counsel for defending such a case in the event the court, in the exercise of its discretion, did appoint one.

In Watson v. State, 142 Fla. 218, 194 So. 640, 642, decided March 8, 1940, the Supreme Court of Florida said:

"While it is true that the help or assistance of able and resourceful counsel during the progress of trial cannot be questioned, this Court is without power to reverse a case because the defendants in a criminal case were not represented by counsel and for that reason failed to obtain a fair trial. The Legislature of Florida, by the enactment of Section 8375, C.G.L.,[4] restricts the power of the courts to appoint counsel for indigent defendants at public expense to capital cases. The case at bar is not a capital case and therefore no duty rested on the lower court to supply counsel for plaintiffs in error at public expense."

In Johnson v. State, 148 Fla. 510, 4 So.2d 671, 672, decided November 21, 1941, the Court said:

"There was no duty resting upon the trial court to appoint counsel to represent the accused as he was not charged with a capital offense. See Sec. 157, Criminal Procedure, Acts 1939, c. 19554 [F.S.A. § 909.21]; Watson et al. v. State, 142 Fla. 218, 194 So. 640."

It is not necessary, however, for us to review other cases for it seems that the Supreme Court of Florida has decided the very case before us. Attention was called heretofore to the fact that the Florida Supreme Court had sustained the Attorney General's motion to dismiss Wade's appeal as frivolous. No opinion was written in that case, but on October 6, 1946 [since the rendition of the opinion by the lower Court in the present case], in the case of Johnson, Petitioner, v. Mayo, as State Prison Custodian, Fla., 28 So.2d 585, that Court had before it the petition of Johnson for a writ of habeas corpus, alleging that he was brought to trial in Madison County, Florida, for the larceny of an automobile, a non-capital felony, and forced to go to trial without counsel, notwithstanding the fact that he had stated to the Court that he was without funds with which to employ counsel and had requested that the Court appoint counsel for his defense. His contention before the Supreme Court was that the trial Court, by refusing to appoint counsel to defend him, violated Sec. 11 of the Declaration of Rights of the Constitution of Florida and the Fourteenth Amendment to the Federal Constitution, by reason of which his conviction, judgment, and sentence were void. The sole question presented to the Supreme Court of Florida was whether or not under the Constitution and statutes of Florida the Judge of the trial Court was required to appoint counsel to defend an indigent defendant in a non-capital case. The Supreme Court said:

"The only statute which we have in this State touching upon the question here under consideration is Section 909.21 Fla. Statutes 1941 (same F.S.A.,) which provides for the appointment by the trial judge of counsel for an insolvent defendant who is charged with a capital offense. This section of the statute limits requirement that counsel be appointed by the court for indigent defendants to those defendants who are charged with the commission of a capital offense. Our construction of Sec. 11 of our Declaration of Rights is that any defendant charged with a felony in the courts of this state shall have the right to be heard in his own defense in his own proper person and also by counsel, if he has counsel, and presents himself and his counsel at the bar of the court where he is to be heard. But this constitutional provision does not require that he should provide himself with counsel, nor does it require that the State should furnish him counsel to be selected and appointed by the trial court.

"We have repeatedly held that in cases where the charge was less than a capital offense no duty rested upon the trial court to supply counsel for the defendant. See

---

[4] Same as Sec. 909.21, Florida Statutes, 1941, F.S.A.

Cutts v. State, 54 Fla. 21, 45 So. 491; Watson et al. v. State, 142 Fla. 218, 194 So. 640; Johnson v. State, 148 Fla. 510, 4 So.2d 671.

"In May, 1945, Donald Wade presented his appeal to this Court from a judgment quashing a writ of habeas corpus theretofore issued by the Circuit Court of Palm Beach County on the petition of Donald Wade alleging that he had been unlawfully convicted of the commission of a felony in Palm Beach County in that 'at the time of his trial, conviction and sentence he was without aid of counsel and the court did not make an appointment of counsel, nor did petitioner waive his constitutional rights to the aid of counsel, and he was incapable adequately of making his own defense, in consequence of which he was compelled to go to trial without the aid of counsel.' It was also alleged that he was ignorant and was also, because of lack of funds, unable to employ counsel; and that he requested the court to appoint counsel for him. He further alleged that he was not guilty of the offense charged.

"Motion was made to dismiss the petition on the ground that the appeal was frivolous and on May 14, 1945 we entered an order granting the motion to dismiss on the ground stated.

"We recognize the fact that in a great number of cases in other jurisdictions courts have construed provisions of respective State Constitutions similar to ours to guarantee to a defendant charged with a felony the benefit of counsel.

"We are also cognizant of the rule in the Federal Courts but we are of the view that those decisions do not control in Florida."

■ That opinion, giving the reasons for dismissing the petition of Wade wherein was raised the same ground as he has raised here, we think is decisive.

■ We, of course, are aware of the rule in federal courts which requires the appointment of counsel to represent indigent persons charged with any felony, but that rule is based upon an interpretation of the Sixth Amendment to the Federal Constitution which is applicable only in the federal courts.

We are also cognizant of the decisions of the United States Supreme Court such as Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398; Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367; Hawk v. Olson, 324 U.S. 839, 65 S.Ct. 1021, 89 L.Ed. 1402; and White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348, which at first blush would create the impression that the case of Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595, has been overruled. A careful analysis, however, of those later cases[5] convinces us that the Court has neither overruled nor modified its opinion in Betts v. Brady, supra.

We have been cited to no case decided by the Supreme Court of the United States holding that the failure to appoint counsel to represent a defendant in a non-capital case in a state court is a denial of due process under the Fourteenth Amendment

[5] Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398, was a case from Missouri where the state statute required the appointment of counsel to defend an indigent person charged with robbery, a first degree felony.

In Rice v. Olson, 324 U.S. 786, 65 S. Ct. 989, 89 L.Ed. 1367, Petitioner was an Indian who committed the crime of burglary on an Indian reservation over which the United States Court had exclusive jurisdiction. It arose in Nebraska, which has a statute [R.S.1943, Crim.Proc. Art. 18, § 29-1803] which reads in part as follows:

"Counsel for accused; assignment by court; counsel fees; allowance. When any person shall be indicted for an offense which is capital or punishable by imprisonment in the penitentiary, the court is hereby authorized and required to assign to such person counsel not exceeding two, if the prisoner has not the ability to procure counsel, and they shall have full access to the prisoner at all reasonable hours."

In Hawk v. Olson, 324 U.S. 839, 65 S. Ct. 1021, 89 L.Ed. 1402, Petitioner was charged with murder in the first degree. This case also arose in Nebraska and was governed by the statute in the preceding paragraph.

White v. Ragen was a case arising in Illinois where the state statutes require the court to appoint counsel in all criminal cases where the defendants are unable to procure counsel. [See footnote 28, Betts v. Brady, 316 U.S. 455, text 470, 62 S.Ct. 1252, 86 L.Ed. 1595, citing Ill.R.S.1941, c. 38, paragraph 730.]

unless the law of the state requires such an appointment.

The judgment of the Court below is reversed and remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.