## Ex parte PETE DARR.

No. A-10869.    June 18, 1947.
(182 P. 2d 523.)

John J. Carney, of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J.   The petitioner, with the aid of counsel, filed herein on April 3, 1947, his petition for writ of habeas corpus, alleging he is unlawfully confined in the State Penitentiary, at McAlester, Okla. He complains of two separate judgments rendered against him in the district court of Lincoln county, numbered 2197 and 2199,

wherein in each case he was sentenced to serve 40 years in the penitentiary for robbery with firearms of banks at Prague and Chandler, Okla.

The petition for writ of habeas corpus alleges first that the petitioner did not have the means to employ counsel, and second, that he did not have the aid of counsel, and third, that he did not have the aid of counsel of his own choosing. The record, as revealed by certified copies of the criminal appearance dockets in both cases, does not support the contention of the petitioner. These dockets disclose that after being charged by information, and on December 1, 1930, the petitioner was present in person and represented in the district court by Jimmie Mathis and waived the reading of the information and entered a plea of not guilty. That on December 27, 1930, the cases were set for trial January 13, 1931.

That, on January 13, 1931, it appeared an application for continuance was filed, stating that defendant was without counsel. Thereupon, the court appointed M. A. Cox, a reputable and able lawyer of Chandler, Okla., to represent the defendant. The record discloses that M. A. Cox ably represented the petitioner throughout the trial, attacking the sufficiency of the information, the sufficiency of the state's evidence, requesting a directed verdict, and after verdict of the jury seasonably filed a motion for new trial and presented same, which was overruled, and giving notice of intention to appeal and procuring 60-10-5 days time in which to make and serve, sign and settle case-made as a proper predicate for appeal. The record discloses that from this proceeding, no appeal was perfected by the petitioner.

In cause No. 2197, the record is the same until both the state and the defense rested in the trial, whereupon, the defendant, by aid of counsel, asked leave to withdraw his plea of not guilty and enter a plea of guilty, all of which was granted and done.

In both cases, January 16, 1931, was set for sentence day and in both cases the defendant was sentenced to forty (40) years in the penitentiary. The court under the law, § 801, Title 21 O. S. A., might have imposed the death sentence in either case.

It is therefore apparent from the record itself that the defendant was ably represented by counsel and his rights preserved in every stage of the proceedings.

In cause No. 2199, he complains that he filed his motion for continuance because of insufficient time to prepare and procure witnesses. In this, he was represented by counsel M. A. Cox preliminary to the trial. The court found the defendant had not exercised due diligence in this regard.

It is apparent from the record that the petitioner was ably represented by counsel at every stage of the proceedings and that his contentions are without merit as a basis for relief by habeas corpus. The court had jurisdiction of the person of the petitioner and jurisdiction of the crime charged. The judgments and sentences not being in excess of the statutory limits of the court's power to pronounce, the same are not void. This court has repeatedly held that on habeas corpus it will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities of procedure or errors of law on questions over which the court has jurisdiction. The writ of habeas corpus cannot be used to perform the office of a writ of error on appeal, but

will be limited to cases in which the judgment and sentence of the court attacked is clearly void. In re habeas corpus Henry E. Walker, 84 Okla. Cr. 190, 180 P. 2d 670; Ex parte Tollison, 73 Okla. Cr. 38, 117 P. 2d 549; Ex parte West, 62 Okla. Cr. 260, 71 P. 2d 129; Ex parte Keel, 62 Okla. Cr. 277, 71 P. 2d 313; Ex parte Dunn, 33 Okla. Cr. 190, 242 P. 574; Ex parte Grant, 32 Okla. Cr. 217, 240 P. 759; Ex parte Hollingshead, 24 Okla. Cr. 131, 216 P. 486.

The petitioner's record was preserved. If any of his rights were denied in the proceedings, or if the evidence was insufficient in his opinion to support the convictions, he should have raised these objections in this court in the proper manner by appeal.

For the reasons hereinbefore stated, the writ of habeas corpus is denied.

BAREFOOT, P. J., and JONES, J., concur.