CHANCEY v. MAYO, Custodian Florida State Prison.

KENNEDY v. MAYO, Custodian Florida State Prison.

JOHNSON v. MAYO, Custodian Florida State Prison.

POPE v. MAYO, Custodian Florida State Prison.

Civ. Nos. 1464–1467.

United States District Court
S. D. Florida, Jacksonville Division.

Dec. 17, 1948.

Game Chancey, filed own petition.

Reeves Bowen, Asst. Attorney General, counsel for Nathan Mayo, Custodian, Florida State Prison.

DE VANE, District Judge.

Petitions for writs of habeas corpus were separately filed by the petitioners, named above, seeking their releases from sentence imposed upon them by the Circuit Judge of the Twelfth Judicial Circuit, in and for Manatee County, Florida. Petitioners make serious charges of misconduct against the State Attorney and Sheriff and further allege that they were not allowed counsel at the time of their trial, conviction and sentence. It is upon these grounds that they seek their release.

They first filed petitions for writs of habeas corpus in the Circuit Court in which they were tried and convicted, seeking their release upon the same grounds. The Judge of that court issued writs, heard testimony and argument of counsel and after due consideration thereof, denied the relief sought, discharged the writs and remanded petitioners to the custody of the Sheriff of Manatee County, to be dealt with according to law. They were all represented by counsel in this proceeding.

Petitioners appealed the case to the Supreme Court of Florida and under date of July 30, 1948 the Supreme Court, in a per curiam opinion affirmed the lower court. Pope v. State, 160 Fla. 788, 36 So.2d 760.

They did not seek a review of the State courts decisions by certiorari to the Supreme Court of the United States, preferring to file petitions for writs of Habeas Corpus in this court. The petitions filed herein raise no issue—nor indeed could they—that were not adjudicated in the State courts. These cases, therefore, present for consideration the question of the appropriate Federal forum in which these defendants should have pursued further their Constitutional claims.

There must be some orderly procedure established in these habeas corpus cases filed by State prisoners. In the opinion of this court these cases are illustrative of the orderly procedure that should be adhered to and followed. Where petitions for writs of habeas corpus, filed in State courts, are denied without a hearing, petitioners should have the right to come immediately to a Federal District Court where they may

830

again endeavor to secure a hearing upon their petitions and where they will be granted a hearing, if the allegations of their petitions are sufficient to warrant it. However, in those cases where a State court grants a writ, holds a full hearing at which petitioners are represented by counsel and a full record of the facts pertinent to the issues raised by the petitions are contained in such record, petitioners should be restricted to a review of the State court action by certiorari to the Supreme Court of the United States. Considerations of prompt and orderly procedure in Federal courts dictate no other procedure. Mayo v. Wade, 5 cir., 158 F.2d 614.

In Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, 1274, 92 L.Ed. 1647, the Supreme Court of the United States said: "After state procedure has been exhausted, the concern is with the appropriate federal forum in which to pursue further the constitutional claim. The choice lies between applying directly to this Court for review of the constitutional issue by certiorari or instituting an original habeas corpus proceeding in a federal district court. Considerations of prompt and orderly procedure in the federal courts will often dictate that direct review be sought first in this Court. And where a prisoner has neglected to seek that review, such failure may be a relevant consideration for a district court in determining whether to entertain a subsequent habeas corpus petition."

The court holds that in these cases petitioners should have applied by certiorari to the Supreme Court of the United States and upon this ground the petitions for writs of habeas corpus will be denied.