**DARR v. BURFORD.**

No. 3722.

United States Court of Appeals Tenth Circuit.

Jan. 31, 1949.

PHILLIPS, Chief Judge, dissenting.

John J. Carney, of Oklahoma City, Okl., for appellant.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

This is a proceeding in habeas corpus instituted in the United States Court for Eastern Oklahoma by Pete Darr, hereinafter referred to as petitioner, against C. P. Burford, warden of the state penitentiary at McAlester, Oklahoma. The petition for the writ alleged in substance that two informations were filed in the District Court of Lincoln County, Oklahoma, each charging petitioner with the robbery of a bank; that at the time of the filing of the informations, petitioner was serving a term in the state penitentiary; that he did not have funds with which to employ counsel; that a day or two prior to the time the cases were set for trial, the court appointed an attorney to represent petitioner; that petitioner had no opportunity to consult with counsel; that an application was made in each case for a continuance in order to prepare for trial; that the applications were denied; that petitioner made application in each case to have two witnesses subpœnæd from another county; that the subpœnas failed to show that they were served or that any effort was made to serve them in such county; that petitioner was forced into trial of the cases unprepared; that he was found guilty in the first case; that while the jury was deliberating upon its verdict in the second case, he was induced through fear and by coercive methods of the prosecuting attorney to withdraw his plea of not guilty and enter a plea of guilty in that case; and that he was sentenced in each case to imprisonment for a period of forty years, the two sentences to run consecutively. The petition further alleged that the sentences were in violation of the rights of petitioner under the Fifth and Fourteenth Amendments to the Constitution of the United States, and in violation of the laws of Oklahoma; that lack of funds precluded him from perfecting appeals from the judgments and sentences; that he sought a writ of habeas corpus in the Criminal Court of Appeals of Oklahoma; that his petition was denied; and that he thus had exhausted his remedy and means for securing relief in the state courts. By response, the warden pleaded the detention of petitioner for service of the two sentences. Petitioner appeared in open court and testified in his own behalf. Entertaining the view that petitioner had failed to exhaust the remedies available to him, including appellate remedies in the state courts and in the Supreme Court of the United States by appeal or certiorari, the court dismissed the action and petitioner appealed.

Extending over a long period of years, it has been held repeatedly and with emphasis that while a federal court has power to entertain an application for habeas corpus by one detained under a judgment of conviction in a state court for crime alleged to have been obtained in violation of the rights of the accused under the Constitution of the United States, or to grant a writ of habeas corpus for the purpose of inquiring into other cause of restraint of liberty of a person in custody under authority of a state alleged to be in violation of his rights under the Constitution of the United States, only in rare cases where exceptional circumstances of peculiar urgency are shown to exist will the court entertain a proceeding of that kind unless and until all state remedies available to the petitioner have been exhausted, including the remedy of appeal in the state courts and the remedy in the Supreme Court of the United States by appeal, writ of error, or writ of certiorari. Baker v. Grice, 169 U.S. 284, 18 S.Ct. 323, 42 L.Ed. 748; Tinsley v. Anderson, 171 U.S. 101, 18 S.Ct. 805, 43 L.Ed. 91; Reid v. Jones, 187 U.S. 153, 23 S.Ct. 89, 47 L.Ed. 116; Drury v. Lewis, 200 U.S. 1, 26 S.Ct. 229, 50 L.Ed. 343; Urquhart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 51 L.Ed. 760; Ex parte Spencer, 228 U.S. 652, 33 S.Ct. 709, 57 L.Ed. 1010; Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348. The reason underlying the rule is obvious. It is an exceedingly sensitive and delicate jurisdiction vested in a federal court by which a person convicted in a state court or otherwise detained under

authority of the state may be taken from the custody of the officers of the state and finally discharged.

■ Since the availability of the remedy in habeas corpus in a United States Court to inquire into the detention of one under sentence in a state court alleged to have been obtained in violation of the rights of the accused under the Constitution of the United States turns on the exhaustion of state corrective processes, where there is substantial doubt as to whether a corrective remedy exists under state processes, or where resort to state court remedies has failed to afford a full and fair adjudication of the federal contentions raised, either because the state affords no remedy for that purpose, or because in the particular case the remedy afforded by state law proves in practice unavailable or seriously inadequate, a United States Court should entertain the petition for habeas corpus and make disposition of it on its merits. Ex parte Hawk, supra; White v. Ragen, supra; Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270.

■ The contention that the sentences imposed in the state court were in violation of the rights of petitioner under the Constitution of the United States was open for presentation on appeal to the Criminal Court of Appeals of Oklahoma, and in the event of an adverse outcome there, on presentation to the Supreme Court of the United States by certiorari. But that corrective process was not exhausted. No appeal was taken to the Criminal Court of Appeals, and no effort was made to present the matter to the Supreme Court of the United States on certiorari. Another remedy for the presentation of the contention was available to petitioner under corrective processes of the state. It could have been presented by an original proceeding in habeas corpus in the Criminal Court of Appeals. Ex parte Barnett, 67 Okl.Cr. 300, 94 P.2d 18; Ex parte Meadows, 70 Okl.Cr. 304, 106 P.2d 139; In re Stevens, 81 Okl.Cr. 65, 160 P.2d 415; Ex parte Snow, Okl.Cr.App., 183 P.2d 588; Ex parte Cook, Okl.Cr.App., 183 P.2d 595. And in the event of an adverse determination, the contention could have been presented to the Supreme Court of the United States on petition for certiorari. Realizing that the remedy of presenting the contention to the Criminal Court of Appeals in an original proceeding in habeas corpus was available, petitioner instituted a proceeding of that nature in which he challenged the validity of the sentences imposed upon him in the state court and sought discharge from further detention on substantially the same grounds that he urges here, with one exception to be noted later. The court entertained the proceeding on its merits but denied the writ. Ex parte Darr, Okl.Cr.App., 182 P.2d 523. And no petition for certiorari was presented to the Supreme Court of the United States.

■ The single exception to which reference has been made is that here the judgment and sentence in the second case in the state court is attacked on the ground that it is void for the reason that petitioner was induced through fear and by coercive methods of the prosecuting attorney to withdraw his plea of not guilty and enter a plea of guilty. The petition for the writ of habeas corpus which petitioner filed in the Criminal Court of Appeals of the state is not before us, but the opinion in the case, Ex parte Darr, supra, fails to indicate that there the judgment and sentence in the second case was attacked on that ground. If the question is presently open to judicial determination, the remedy of attacking the judgment and sentence on that ground is available to petitioner in an original proceeding in habeas corpus in the Criminal Court of Appeals of the State. Ex parte Barnett, supra; Ex parte, Meadow, supra; In re Stevens, supra; Ex parte, Snow, supra; Ex parte Darr, supra. But as we understand the record, petitioner is not presently serving the sentence in that case. He is now serving the sentence in the first case—in which that question is not present. And it is well settled that the validity of a judgment and sentence in a criminal case is not subject to attack in habeas corpus unless the petitioner is presently detained of his liberty under it. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Kelly v. Aderhold, 10 Cir., 112 F.2d 118; Macomber v. Hudspeth, 10 Cir., 115 F.2d 114, certiorari denied, 313

U.S. 558, 61 S.Ct. 833, 85 L.Ed. 1519; Mc-Mahan v. Hunter, 10 Cir., 150 F.2d 498, certiorari denied, 326 U.S. 783, 66 S.Ct. 332, 90 L.Ed. 475.

The judgment is affirmed.

PHILLIPS, Chief Judge (dissenting).

The order discharging the writ was filed in the lower court on April 22, 1948. At that time, it was regarded as settled law that "Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in" the Supreme Court of the United States "by appeal or writ of certiorari, have been exhausted."[1] In other words, certiorari to the Supreme Court of the United States was regarded as a part of the state remedy for the purposes of the doctrine of exhaustion of state remedies.

As I construe the decision of the trial court, it refused to consider Darr's petition for the writ on the merits, and discharged the writ solely because Darr had not sought review of the decision of the state court in Ex parte Darr, Okl.Cr.App., 182 P.2d 523, by petition for a writ of certiorari.

The opinion in Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, came down June 14, 1948. Wade was charged with the offense of breaking and entering. He was tried in the Criminal Court of Record of Palm Beach County, Florida. The jury returned a verdict of guilty and he was sentenced to serve five years in the Florida State Penitentiary.

Immediately before the trial started in the state court, Wade asked the trial judge to appoint counsel to represent him, claiming that it was financially impossible for him to employ counsel. The judge refused the request and the trial proceeded.

On March 16, 1945, two days after the conviction, Wade filed a petition for a writ of habeas corpus in the Circuit Court of Palm Beach County, Florida, in which he set up that the refusal of the judge to appoint counsel for him at the trial on the criminal charge was a denial of due process guaranteed him by the Fourteenth Amendment to the Constitution of the United States. The Circuit Court quashed the writ on authority of two decisions of the Supreme Court of Florida, Watson v. State, 142 Fla. 218, 194 So. 640, and Johnson v. State, 148 Fla. 510, 4 So.2d 671, holding that under Florida law, the trial court had no duty to appoint counsel to represent the accused in a non-capital case. Wade took an appeal from the decision of the Circuit Court to the Supreme Court of Florida. In that court, the Attorney General of the state filed a motion to dismiss the appeal as frivolous on two grounds: (1) that Wade had not appealed from his conviction, or even filed a motion for a new trial in the Criminal Court, and (2) that the Circuit Court had discharged the writ on authority of the two decisions referred to above.

The Supreme Court of Florida dismissed the appeal on May 14, 1945. Wade did not seek review in the Supreme Court of the United States by petition for a writ of certiorari.

On May 8, 1946, Wade filed an application for a writ of habeas corpus in the United States District Court for the Southern District of Florida. He alleged that the refusal of the Criminal Court to appoint counsel for him deprived him of due process of law guaranteed by the Fourteenth Amendment. That Court granted the writ, held that the refusal to appoint counsel rendered the judgment of the state court void, and ordered his discharge.

The Court of Appeals for the Fifth Circuit reversed, holding that the Fourteenth Amendment did not require the appointment of counsel in a non-capital case, unless the state law so required.[2] The Supreme Court granted certiorari.

Darr was charged by information in the district court of Lincoln County, Oklahoma, with the offense of robbery of a bank with

---

[1] See Ex parte Hawk, 321 U.S. 114, 116, 117, 64 S.Ct. 448, 450, 88 L.Ed. 572, and cases therein cited, and the dissenting opinion in Wade v. Mayo, 334 U.S. at page 687, 68 S.Ct. 1270.

[2] See Mayo v. Wade, 5 Cir., 158 F.2d 614.

firearms. On December 1, 1930, he appeared in person and by counsel, waived the reading of the information, and entered a plea of not guilty. On December 27, 1930, the case was set for trial on January 13, 1931. On January 13, 1931, he appeared and filed an application for a continuance, stating that he was without counsel. Thereupon, the court appointed M. A. Cox, a reputable and able lawyer of Chandler, Oklahoma, to represent him. The trial was continued until the following day.

The offense charged was a serious one. The maximum punishment therefor was death or imprisonment at hard labor in the state penitentiary for a period of not less than five years. See 21 O.S. 1941 § 801. Darr filed a motion for a continuance on the ground that he had not had sufficient time to prepare his defense and procure witnesses. That motion was presented by Mr. Cox. The trial court denied the motion on the ground that Darr had not exercised due diligence.

On January 16, 1931, the jury returned a verdict of guilty and Darr was sentenced to imprisonment for a period of forty years in the Oklahoma State Penitentiary.

Darr filed a petition for a writ of habeas corpus in the Criminal Court of Appeals of Oklahoma alleging that his detention in the state penitentiary was unlawful because he did not have the means to employ counsel, did not have the aid of counsel, and did not have the aid of counsel of his own choosing in the criminal trial, and because his motion for a continuance on the ground he had not had sufficient time to prepare his defense and procure witnesses was denied by the state court.

The Criminal Court of Appeals, solely on the basis of certified copies of the criminal appearance dockets, held that on January 13, 1931, the court appointed M. A. Cox, a reputable and able lawyer, to represent Darr; that Cox ably represented Darr throughout the trial by attacking the sufficiency of the information and the sufficiency of the state's evidence, by requesting a directed verdict; and after verdict, by filing and presenting a motion for

a new trial; and that the motion for a continuance was denied on the ground that Darr had not exercised due diligence. The Criminal Court denied the writ.

Darr did not seek review of the decision of the Criminal Court of Appeals by petition to the Supreme Court of the United States for a writ of certiorari.

After the time for filing a petition for a writ of certiorari in the Supreme Court of the United States had expired, Darr filed his application for a writ of habeas corpus in the United States District Court for the Eastern District of Oklahoma.

The crime with which Darr was charged was a serious one. As stated above, he might have been punished either by death or imprisonment for a term of not less than five years. Although, through his counsel, he interposed a motion for a continuance on the ground that he had not had sufficient time to prepare a defense or to procure witnesses, the state court denied the motion and put him on trial on the beginning of the court day following the day counsel was appointed for him. These facts present a serious question as to whether the refusal of the trial court to continue the case in order to give Darr time to consult with his counsel, prepare his defense, and procure witnesses did not result in the denial to Darr of the effective aid of counsel.[3]

I am unable to distinguish the instant case from the Wade case. If I correctly read the opinion in the Wade case, it holds that where a prisoner, who seeks a writ of habeas corpus in a United States District Court, had exhausted his state court remedies but had failed to seek review of the decision of the highest court of the state by a petition to the Supreme Court of the United States for a writ of certiorari, such failure is a relevant consideration for the Federal court in determining whether to entertain the subsequent application for a writ of habeas corpus, but not an absolute bar to the entertainment of such application by the Federal court; and that it is the right and duty of the Federal court to weigh the failure to seek certiorari against the mis-

[3] Powell v. State of Alabama, 287 U.S. 45, 68-71, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527; See Wade v. Mayo, 334 U.S. 672, 680, 681, 68 S.Ct. 1270.

carriage of justice that might result from a failure to grant relief and, in the exercise of a sound discretion, determine whether he should entertain or refuse to entertain the subsequent application for a writ of habeas corpus.[4]

I would, therefore, reverse and remand to the District Court, with instructions to exercise the discretion with which it is endowed under the decision in the Wade case and determine whether or not it should entertain the application for the writ.

---

[4] Note, Harv.Law Review, Vol. 62, No. 1, November, 1948, p. 136; 28 U.S.C.A. § 2254; Canada v. Jones, 8 Cir., 170 F. 2d 606.