### JONES v. MAYO et al.
### Civ. No. 1664–J.

United States District Court
S. D. Florida, Jacksonville Division.
Dec. 13, 1949.

Michael C. Jones, Raiford, Fla., pro se.

Reeves Bowen, Asst. Atty. Gen., Tallahassee, Fla., for Nathan Mayo and L. F. Chapman of Florida State Prison.

DE VANE, District Judge.

Since the entry of the Order denying petition for writ of habeas corpus herein on November 2, 1949, 86 F.Supp. 849, petitioner has filed a motion to amend the original petition in certain particulars and a petition for rehearing. The motion to amend the petition will be granted and this memorandum decision relates to the sufficiency of the petition for writ of habeas corpus as amended.

In the original memorandum decision filed herein the court erroneously stated that the Supreme Court of the United States, in State of Florida ex rel., Jones v. Mayo, 299 U.S. 614, 57 S.Ct. 319, 81 L. Ed. 453, denied certiorari to the Supreme Court of Florida in Jones v. Mayo, 139 Fla. 400, 190 So. 615. In the order denying certiorari in the above case the Supreme Court of the United States referred to Jones v. Mayo, 126 Fla. 523, 171 So. 312. The decision of the Supreme Court of Florida there referred to merely relates to the taxing of costs, but as this court understands, from the petition and the amendment thereto filed herein, certiorari was denied petitioner in his effort to have the Supreme Court of the United States review the action of the Supreme Court of Florida upon the merits of an original petition for writ of habeas corpus filed in that court by petitioner in which the constitutionality of the statute under which petitioner had been convicted was challenged.

It now appears that petitioner did not seek certiorari from the Supreme Court of the United States in connection with the decision of the Supreme Court of Florida affirming the decision of the Circuit Court of Union County, Florida, denying a petition for writ of habeas corpus upon the same grounds set forth in the petition for writ of habeas corpus filed in this court.

In the previous memorandum filed herein the court noted that the Supreme Court of Florida decided the last above mentioned case on July 21, 1939 and that petitioner did not come to this court until after the decision of this court in Chancey v. Mayo, decided by this court December 17, 1948, 87 F.Supp. 828. It thus appears it has been more than ten years since the Supreme Court of Florida denied relief to petitioner on the grounds now relied upon in the petition for writ of habeas corpus filed in this court. However, since the decision of the Supreme Court of Florida just referred to there has been no decisions of that court that would make it necessary for petitioner to again go to that court before coming to this court for relief. The law as there set out is still the law of Florida.

Petitioner seeks a writ of habeas corpus in this case on the ground that an important witness testified falsely against him at his trial and that the County solicitor, who prosecuted him, was fully aware of the falsity of this testimony. This ground was the basis for a petition for writ of error coram nobis filed in the Supreme Court of Florida in 1937 and in that case the court held the ground insufficient to warrant the issuance of the writ of error coram nobis. Jones v. State, 130 Fla. 645, 178 So. 404. The same ground was again used in the petition for writ of habeas corpus filed by petitioner in the Circuit Court of Union County, Florida, and was held insufficient to warrant the issuance of a writ of habeas corpus by both the Circuit Court Judge and the Supreme Court of Florida. See Jones v. Mayo, 139 Fla. 400, 190 So. 615. In a concurring opinion in Jones v. State, 130

Fla. 645, 178 So. 404, 405, Justice Brown of the Supreme Court of Florida pointed out "that there was other evidence in the case sufficient to have supported the judgment of conviction, such as the sworn confession of the defendant." Petitioner attempts to evade the effect of this decision by stating the confession was not sworn to. He admits it was made and that it was used against him, but that he, like the other witness who testified against him, gave false testimony concerning the offense following his arrest. He claims that he and the witness did this to protect a third party (a woman), but that he and the witness should now be permitted to take it back. The witness at his original trial supports petitioner's claim by affidavit attached to the petitions filed in the State courts and in this court. The law recognizes no such laxity or trifling with the court in the administration of justice and the amended petition for writ of habeas corpus will be denied.