**Matter of the Habeas Corpus of Harry T. CANNON, Petitioner.**

**No. A-12875.**

Court of Criminal Appeals of Oklahoma.

April 20, 1960.

---

Ed Morrison, Tulsa, Harold Charney, Owasso, for petitioner.

Nathan Graham, County Atty., James W. Connor, Asst. County Atty., Washington County, Oklahoma, Bartlesville, for respondent.

BRETT, Judge.

This is a petition by habeas corpus brought by Harry T. Cannon. He complains that the cause of his restraint is by reason of his plea of guilty, conviction, judgment, and sentence to one year in jail, for the crime of aggravated assault on the person of an elderly woman, one Della Ann Burkihiser. The crime was allegedly committed on November 9, 1959. He specifically alleged, among other things, that when he entered his plea of guilty, that he was not advised of his right to aid of counsel, or that if he were unable to provide counsel that the trial court would provide the same for him without expense. This being true, he is entitled to have the proceedings set aside by habeas corpus, and it will not be necessary to discuss any of the other allegations relative to his plea being coerced from him, through fear of being charged with the higher crime of robbery, if he didn't co-operate.

▪ In determining this issue, this court has repeatedly held that each case must depend upon its own particular facts and circumstances; and that the Court of Criminal Appeals indulges every presumption against waiver of fundamental rights, and does not presume acquiescence in their loss. It has continually been held that the minutes of the Trial Court constitute the best evidence of what took place at the arraignment, and when in doubt as to what occurred, great weight will be given to the recitals entered in the minutes of the proceedings. Ex parte Tucker, 91 Okl.Cr. 391, 219 P.2d 245; Ex parte Wooldridge, 72 Okl. Cr. 292, 115 P.2d 284; Cottrell v. McLeod, Okl.Cr., 342 P.2d 240; Ex parte Bradley, 72 Okl.Cr. 107, 113 P.2d 611. In the later case we said, that presumption favors regularity of the proceedings, and the burden is on the petitioners to show to the contrary, unless the same affirmatively appears from the record, and only when it so appears that the judgment and sentence on which petitioner is being held is void will relief be granted by habeas corpus. Therein we further said:

"The presumption created by the absence of the recital of the waiver by defendant of certain of his constitutional and statutory rights in the minutes of the court and in the journal entry of judgment and sentence, however, may be overcome by other evidence, including testimony of the court officials which shows that the proceedings upon the arraignment of the defendant were regular, and that the defendant was fully advised of his statutory and constitutional rights before entering his plea."

These principles apply with equal force in all cases whether they involve misdemeanor or a felony. Hunter v. State, Okl. Cr., 288 P.2d 425. In the case at bar we must look to the minutes, the judgment, and the record as made. The minutes of the Trial Court recite:

"* * * Nov. 9, Def. present—no atty. Info. read—Defdt waives atty—waives time to plead and pleads guilty and Co. Atty. recommends one year in County jail—Defdt. sentenced to 1 yr. in Co. jail. * * *"

The pertinent part of the judgment and sentence recites merely that the defendant, "The prisoner, the above named Harry Thomas Cannon, being present, and having been presented by information for the crime of aggravated assault and battery and arraigned, and having plead guilty to the crime of aggravated assault and battery charged in said information * * *", and was sentenced. It clearly appears that the judgment and sentence contains no recitals that support the minutes.

The County Attorney in testifying to sustain the proceedings herein, in response to a question by the court, said, in substance, that he did not recollect, nor did he believe that the county judge informed the petitioner that the court would furnish the petitioner counsel at the expense of the state, or at least without expense to the petitioner. The County Attorney is to be congratulated upon his frankness with the Court.

The petitioner likewise testified, and stated that he did not know that counsel would be furnished him. He further testified that he was not able to hire counsel, he having only 9 cents at the time, that if he had known he could have had counsel he would so have requested the aid thereof under such terms. He further testified that he was denied the use of the telephone to talk to anyone.

To the contrary, on the motion for new trial, the County Judge stated that he was informed of his constitutional rights, and that he did tell him what his rights were, and said, "I don't know how you are going to get over that." But neither the minutes nor the County Attorney's testimony support the Court's statement, but rather leaves the matter in conflict, speculation and doubt. The minutes should always reflect the nature of the advice of the Trial Court, so that the matter is not left to conjecture or speculation, in the event of dispute. The proceedings should be reflected in the minutes with the clarity found in the Wooldridge case wherein this Court said:

"In the instant case, the minutes of the district court show that the petitioner was fully advised as to his rights, and that he waived the same. Petitioner offers no evidence to rebut the recitals in these minutes. On the contrary, the affidavits of the trial judge, the county attorney, and the sheriff show that the petitioner was fully advised of his rights; but that being guilty of the offense with which he stood charged, he desired to plead guilty, and that he waived time within which to plead to the information, his right to trial by a jury, waived his right to be represented by counsel, and entered his plea of guilty, the petitioner fully understanding the nature of the charge against him and the consequences of his plea." [72 Okl.Cr. 292, 115 P.2d 286.]

It is said in Jackson v. State, Okl.Cr., 316 P.2d 213:

"A waiver of the constitutional right to the assistance of counsel is of no less moment to an accused who must decide whether to plead guilty than to an accused who stands trial.

"It is the solemn duty of the judge before whom a defendant appears without counsel to make a thorough inquiry and to take all steps necessary to insure the fullest protection of the defendant's constitutional rights at every stage of the proceedings, and this duty cannot be discharged as though it were a mere procedural formality.

"A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circum-

stances under which such waiver is made. * * *

"An accused in the exercise of a free and intelligent choice and with the considered approval of the court may competently and intelligently waive his right to assistance of counsel but for such waiver to be effective, there must be both capacity on part of accused to make an understanding choice and an absence of subverting factors so that the choice is clearly free and responsible."

In Application of Kinnison, Okl.Cr., 335 P.2d 645; Application of Gooding, Okl.Cr., 338 P.2d 1114, holding that it is error not to advise a defendant that the Court will furnish counsel without expense, where he is without funds to so do.

██ When such is the record there can be no doubt as to the Trial Court's being without jurisdiction. In the case at bar the petitioner has met the burden of establishing that the Trial Court did not detail to the petitioner the right to counsel at the State's expense, and it therefore lost jurisdiction by reason of its failure to so do.

It is therefore, hereby, ordered that the writ of habeas corpus, be, and is hereby granted, and that the proceeding subsequent to the filing of the information therein, including the judgment and sentence against the defendant, be, and, is, hereby vacated and set aside, as void for failure to advise the defendant of his right to counsel at the expense of the State, and to otherwise preserve his constitutional rights.

██ The Sheriff is ordered to retain the petitioner in custody to answer      charge in the information or until he is otherwise discharged as provided by law. In re Stevens, 81 Okl.Cr. 65, 160 P.2d 415; Ex parte Meadows, 70 Okl.Cr. 304, 106 P.2d 139.

NIX, J., concurs.

POWELL, P. J., not participating.